## Goff, et al. v. Lowe, et al.

(Decided January 31, 1911.)

## Appeal from Pike Circuit Court.

The opinion on the former appeal is the law of the case, and the instructions then directed by the court are the proper instructions to be given on another trial under the same evidence. If other instructions are necessary it is incumbent upon the appellant than to call the court's attention to them and obtain an extension of the opinion. Matters presented by the record and not passed on in the opinion stand approved.

HAZELRIGG & HAZELRIGG, M. C. KIRK, W. S. HARKINS, JAMES GOBLE and R. C. BURNS for appellants.

ROSCOE VANOVER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

On the former appeal of this case there had been a trial on the merits. The facts in the controversy are fully stated in that opinion. (See Goff v. Lowe, 32 R., 1098.) On that appeal this court reversed the judgment, and remanded the case for a new trial on the ground that the instructions were erroneous, and it minutely directed what instructions should be given on the evidence. On the return of the case to the circuit court it was tried again, the evidence being much the same as on the former trial. Each side introduced some new evidence not heard before, which was in the main cumulative. The circuit court instructed the jury as directed by this court; the jury again returned a verdict for the defendant; and the court having entered judgment upon the verdict, the plaintiffs again appeal.

It is insisted for the plaintiffs that the defendant did not show adverse possession of the land in controversy. The proof on the subject was practically the same on the second trial as on the first one. Precisely the same argument was made to this court on the former appeal as is now made. The court then did not sustain the objection, and the question is concluded by the opinion delivered on that appeal. When a case is brought here the opinion is conclusive of all questions either decided in the opinion or presented by the record and

passed unnoticed in the opinion; for what the court passes unnoticed must be deemed to be approved. Were the rule otherwise litigation would be interminable, and reversals in cases of this sort, might be made without number, first upon one ground and then upon another. Such a practice would encourage parties to present only some of the errors on one appeal, and hold back the others for service at a future time. The opinion on an appeal is the law of the case, and is conclusive of all matters then before the court. (Davis v. McCorkle 14 Bush 746.)

It is insisted that the circuit court erred in not giving certain instructions which the plaintiffs asked on the last trial but these instructions were practically included in those given by the court. The court gave the instructions which this court said it should give. If these instructions did not cover the law of the case, it was incumbent on the appellant to have this court extend its opinion and indicate the other instructions that should be given. When this court, upon the decision of a case, determines what instructions should be given, the circuit court when the evidence is unchanged does not err in giving these instructions as the law of the case. It is true he may in his discretion in furtherance of justice give other instructions if he deems them necessary, not inconsistent with those indicated by this court. But this is a matter resting in his discretion. There was no error in refusing the instructions asked here.

Lastly it is insisted that the verdict of the jury is palpably against the evidence. We have read the record with much care, and do not so conclude. On the contrary we are satisfied that if the case was submitted again to another jury under the same evidence and instructions, the verdict of the jury would be the same.

Judgment affirmed.