[No. 14072.   Department Two.   July 16, 1917.]

THE STATE OF WASHINGTON, on the Relation of Moore & Company, Plaintiff, v. THE SUPERIOR COURT FOR KING COUNTY, Respondent.[1]

APPEAL — DECISION — PROCEEDINGS AFTER REMAND — NEW TRIAL— "FURTHER PROCEEDINGS." Where a judgment on the merits denying foreclosure of a mortgage was, on trial de novo, reversed and remanded "for further proceedings," the merits of the matter are foreclosed and the lower court has no power to grant a new trial or take any steps beyond the further proceedings incidental to carrying out the foreclosure.

Application filed in the supreme court March 28, 1917, for a writ of prohibition to the superior court for King county, Frater, J., to restrain the granting of a new trial. Granted.

Farrell, Kane & Stratton, for plaintiff.

Bausman, Oldham & Goodale and F. C. Kapp, for respondent.

[1]Reported in 166 Pac. 628.

PER CURIAM.—This is an application in this court for a writ of prohibition to restrain the superior court of King county and the Honorable A. W. Frater, the judge thereof, from granting a new trial in the case of Moore & Company v. Burling, after remittitur from this court on reversal of the lower court on appeal.

The original action in the lower court sought the foreclosure of a mortgage, executed by defendant Burling to secure a promissory note given to the Charleston National Mining Company. The note and mortgage had been purchased by the plaintiff corporation. The defense set up was that the note and mortgage were unenforceable on the ground of fraud on the part of the mining company in securing their execution by defendant, and that the plaintiff had purchased the note and mortgage with knowledge of the defect in the payee's title. The lower court found for defendant on these issues, and the cause was appealed to this court. A fuller statement of the facts will be found in the opinion of this court as reported in the case of *Moore & Co. v. Burling*, 93 Wash. 217, 160 Pac. 420. The cause being here for trial *de novo*, this court sustained the finding of the lower court as to fraud in the procurement of the execution of the instruments, but held that knowledge on the part of the plaintiff of the payee's fraud was not sufficiently established to sustain the finding of the lower court to that effect. The cause was remitted to the lower court under the following mandate: "The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion." After the cause was remitted to the lower court, the defendant filed a motion for a new trial on the issue as to whether plaintiff was a purchaser in good faith. The plaintiff moved to strike this motion, which motion the trial court overruled and denied. Thereupon the plaintiff applied for a writ of prohibition to restrain the lower court from proceeding to a hearing of the motion. The question suggested is the meaning of the mandate of this court.

Under the jurisdiction of this court to try equitable actions *de novo* on appeal, we examined and passed upon all the evidence in the record, and clearly indicated in our opinion that, while the procurement of the note and mortgage was founded in fraud, there was no sufficient proof establishing that the plaintiff was otherwise than an innocent holder in due course for value. This necessitated a reversal, and was tantamount to a finding in favor of the plaintiff's right of foreclosure, upon which we might have directed the entry of a decree to that effect. But there were minor matters connected with foreclosure proceedings, such as the allowance of a proper attorney's fee and the taxation of costs, which were more properly cognizable in the trial, than in the appellate, court. Except as to the one issue of fraud in the inception of the note and mortgage, which we found in defendant's favor, we unequivocally decided that the note was negotiable, that plaintiff was a purchaser in good faith, and that it was entitled to recover the full sum of the note though it had paid less than the face of it. Our decision disposed of all the issues bearing on plaintiff's right of recovery, and there is no justification in the opinion for the conclusion that the remittitur of the case for further proceedings meant the opening up in the lower court of the questions decided by us on the record presented. It is self-evident from the opinion rendered that our use of the words "remanded for further proceedings" had no other application than the carrying out of the proper foreclosure proceedings by the lower court.

In *Richardson v. Sears*, 87 Wash. 207, 151 Pac. 504, where the lower court modified a decree other than as directed by this court, we say:

"We have held in a long line of cases that the trial court, after an appeal and remittitur, has no power to enter any other judgment or decree in the cause than that directed by the appellate court. *Pacific Drug Co. v. Hamilton*, 76 Wash. 524, 136 Pac. 1144; *German-American State Bank v. Sullivan*, 50 Wash. 42, 96 Pac. 522; *State ex rel. Jefferson*

*County v. Hatch*, 36 Wash. 164, 78 Pac. 796; *State ex rel. Wolferman v. Superior Court*, 8 Wash. 591, 36 Pac. 443."

The respondent admits that the lower court has no power to do other than obey the mandate of this court, and then proceeds to argue that the form of our mandate was the grant of a discretion to the lower tribunal, citing authorities from other jurisdictions wherein it is held that such a mandate warrants a new trial in the lower court. There are doubtless numerous instances when such an inference might naturally arise from the nature of the questions before an appellate court and its method of disposing of them. While it is the practice in this court in remanding an action necessitating a new trial to so distinctly state in its mandate, we would not deny the right to a new trial under a suitable mandate for further proceedings after reversal, if it was fairly apparent from our discussion of the case that the cause was remanded with that object in view. But where all the issues in an appealed case are finally disposed of by the supreme court, no warrant for reopening any of them can be found in its order remanding the case for further proceedings.

The application of the relator for a writ of prohibition to restrain the superior court of King county, and A. W. Frater, the judge thereof, from granting a new trial in the case of Moore & Company, a corporation, against Nettie E. Burling and others, is granted.