## Schrodt's Executor v. Schrodt, et al.

(Decided October 8, 1920.)

### Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Wills—Burden of Proof on Propounders.—In a will contest case the burden of proof is on the propounders to show the due execution of the will, and if the issue is made that a holographic will was not wholly in the handwriting of the testator and signed by him with his own name the burden is on the propounders to show that it was wholly in his handwriting and signed by him.

2.  Pleading—Amendment After Reversal.—When a case has been re-
    versed with directions for a new trial it is within the sound dis-
    cretion of the trial court to allow an amendment making a new
    issue that was not theretofore in the case, either in the trial court
    or the Court of Appeals.
3.  Appeal and Error—New Trial—When New Issues May Be Put in ·
    Case.—When there has been a reversal ordering a new trial
    or a new trial has been granted by the lower court · the party
    objecting to the reversal or the new trial may on the second trial
    put into the case new issues, but the party who obtains the new
    trial or the reversal will not be allowed to put in new issues
    on the second trial unless it appears that by the exercise of rea-
    sonable diligence he could not have made these issues on the
    former trial.
4.  Appeal and Error—New Trial—New  Issues Thereafter.—When
    parties go to trial in the circuit court each should put in the case
    every cause of action ·or defense that he desires to rely on, and
    the one failing to do this cannot, when a new trial or a reversal
    is secured on his motion, thereafter inject into the case a new
    issue that in the exercise of reasonable diligence on his part
    might have been disposed of on the first trial.   ·
5.  Wills—Contest Cases—Amended Grounds of Contest.—Where on
    the first trial of the case the will was contested solely on the
    grounds of undue influence and lack of testamentary capacity, and
    there was a reversal of the judgment breaking the will upon the
    ground that the evidence did not warrant the verdict and the
    case was remanded for a new trial the trial court on the second
    trial correctly permitted the contestants to attack the will on the
    ground that it was a forgery.
6   Appeal and Error—Res Judicata.—When a case is brought to the
    Court of Appeals the opinion is conclusive of all questions either
    decided in the opinion or presented by the record and passed un-
    noticed in the opinion.  And it is further the duty of the parties
    to present on the first trial of the case all of their causes and
    defenses that by the exercise of reasonable diligence they could
    have notice of.

ALLEN P. DODD and DODD & DODD for appellant.

O'DOHERTY & YONTS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—
Affirming.

In a contest over the will of Mary M. Schrodt, in the
Jefferson circuit court, the grounds of contest, as they
appear in the statement of appeal from the judgment of
the county court probating the will, are that the instru-
ment was "not the last will and testament of the said de-
cedent because of want of testamentary capacity and be-

cause of undue influence," and "that the said paper or writing is not the true last will and testament of said decedent."

On the first trial of the case the contestants relied entirely on the grounds of lack of testamentary capacity and undue influence, making no effort whatever to contest the paper on the ground that it was not duly executed or was not wholly in the handwriting of the testatrix, as it purported to be. With the issues thus made the case went to the jury on instructions confined to the questions of testamentary capacity and undue influence, and the jury found against the will.

From the judgment on the verdict an appeal was prosecuted by the propounders to this court, and in an opinion that may be found in 181 Ky. 174, this court held that there was no evidence to warrant the finding of the jury that the testatrix was lacking in testamentary capacity or that the execution of the will was procured by undue influence, and directed that "if upon another trial the evidence be substantially the same the trial court will direct the jury to return a verdict sustaining the will."

After this and when the case came on for a second trial in the circuit court the contestants, although introducing evidence on the subjects of testamentary capacity and undue influence, brought into the case for the first time the issue that the will was not executed by the testatrix, but was in fact a forgery, and when the case went to the jury, the court being of the opinion that the evidence of testamentary capacity and undue influence was substantially the same as on the first trial, took away from the jury, in obedience to the direction of this court, these issues and submitted to the jury the single question whether the will was wholly written by the testatrix and her name subscribed thereto by herself, instructing the jury that "if the jury shall believe from the evidence that the paper dated February 19, 1916, read in evidence in this case and purporting to be the last will and testament of Mary M. Schrodt, deceased, was wholly written by the said Mary M. Schrodt, and that the name of said Mary M. Schrodt was subscribed thereto by herself, then the jury will find the paper to be the last will and testament of said Mary M. Schrodt, deceased.

"But unless the jury shall believe from the evidence that said paper dated February 19, 1916, read in evidence in this case and purporting to be the last will and testament of Mary M. Schrodt, deceased, was wholly written

by the said Mary M. Schrodt, and that the name of said Mary M. Schrodt was subscribed thereto by herself, then the jury will find that said paper is not the last will and testament of Mary M. Schrodt, deceased.''

The jury again returned a verdict breaking the will upon the ground to which they were limited by the instruction, and from the judgment on the verdict the propounders have again appealed.

On this appeal it is insisted for the propounders, first, that the court committed error in instructing the jury that the burden was on the propounders to show that the paper offered was written and subscribed by the testatrix herself; second, that the court erred in permitting the contestants to introduce into the case the new issue referred to, and, third, that the verdict was flagrantly against the evidence.

Concerning the burden of proof: When the contestants challenge the paper offered as not being the last will and testament of the testator, or, in other words, that it was not executed according to law, or if a holographic will that it was not wholly in the handwriting of the testator and subscribed by him with his own name, the burden is on the propounders to show that the paper was executed according to law, and, if purporting to have been written by the testator, that it was wholly written and subscribed with his own name by him, and this burden follows the propounders entirely through the case. But when the propounders have first shown by their evidence in chief that the will was executed according to law, or if a holographic will that it was written wholly by the testator and subscribed by him with his own name, then the burden shifts to the contestants to overcome this evidence and to show if they can that the will was not written and subscribed by the testator himself.

In Gernert v. Straffer's Executor, 162 Ky. 605, the court said, in respect to the burden of proof: ''So that it may now be regarded as a closed question that when the propounders have proven the statutory execution of the will they may rest their case without then offering any evidence on the soundness of mind of the testator at the time he executed the paper, unless on its face it shows that it is so irrational, or its provisions so inconsistent, or its structure, language or details so incompatible with soundness of mind as to make necessary the introduction of some evidence of mental capacity. When a paper of this character is offered by the propounders they should,

in addition to proving its statutory execution, introduce some evidence of the soundness of the mind of the testator at the time of its execution.

"The propounders may, however, if they desire, introduce preliminary evidence of the soundness of mind of the testator, although this is not necessary except when the will itself falls within the description above referred to. When the propounders have shown the statutory execution of the paper, and also the soundness of mind of the testator when the appearance of the paper makes necessary evidence of this character, they may then rest their case, and the burden of proving that the testator was of unsound mind when he executed the paper, or that its execution was procured by undue influence, shifts to the contestants, and they must then introduce their evidence, and after they have concluded their evidence the propounders may then introduce further evidence in rebuttal or contradiction of the evidence offered by the contestants."

The next question is, did the trial court err in permitting the contestants on the return of the case to introduce the new issue setting up that the paper offered as the last will and testament was not wholly in the handwriting of the testatrix or her name subscribed thereto by herself? In support of the contention that it did, reliance is had on the case of Davis v. McCorkle, 14 Bush 746, in which the court said: "Where a given matter becomes the subject of litigation in and adjudication by a court of competent jurisdiction the court requires the parties to bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect of a matter which might have been brought forward as part of the subject in contest, but which was not brought forward only because they have, from negligence, inadvertence, or even accident, omitted a part of their case. The plea of *res judicata* applies not only to the point upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time. . . . Reason and authority alike demand that if on first appeal there is a question in the record which, if decided in favor of the appellee, would entitle him to an affirmance of the judgment in his favor,

it is his duty to present it to the court, and if the appellee fails to present the question, or the court fails to decide it and reverses the judgment, on a subsequent appeal that question must be treated as having been decided adversely to the appellee in the first case, whether he be appellant or appellee on the subsequent appeal.'' See also Miller's Appellate Practice and Forms, section 138.

And Goff v. Lowe, 141 Ky. 799, in which the court said: ''When a case is brought here the opinion is conclusive of all questions either decided in the opinion or presented by the record and passed unnoticed in the opinion; for what the court passes unnoticed must be deemed to be approved. Were the rule otherwise litigation would be interminable, and reversals in cases of this sort might be made without number, first upon one ground and then upon another. Such a practice would encourage parties to present only some of the errors on one appeal and hold back the others for service at a future time. The opinion on an appeal is the law of the case and is conclusive of all matters then before the court.''

But this well settled rule of practice is not, we think, applicable to this case. On the first trial in the lower court the only issues in the case made by the parties or before the court related to the questions of testamentary capacity and undue influence, and these were the only issues and questions before this court when the case came here for review. The issue as to whether the paper was wholly in the handwriting of the testatrix and subscribed by her with her own name was not before the trial court on the first trial of the case, or in the record that came to this court.

So that the precise question now before us is: did the contestants, when the case went back for a new trial under the order of reversal, have the right to bring into the case the new issue which we have mentioned?

It is provided in section 134 of the Civil Code that ''The court may, at any time, in furtherance of justice and on such terms as may be proper, cause or permit a pleading or proceeding to be amended by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, if the amendment do not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. And, if a proceeding taken by a party fail to conform in any respect to the provisions of this

Code, the court may permit an amendment of such proceeding so as to make it conformable thereto. And, if the allegations of a pleading be so indefinite or uncertain that the precise nature of the claim or defense is not apparent, the court may require the pleading to be made definite and certain by amendment. The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.''

And we think this section applies to proceedings in the trial court after a case has been sent back by this court for a retrial except in such particulars as this court may have directed the trial court how to proceed. In other words, our understanding is that when a case goes back from this court for a new trial the situation of the parties and the condition of the case is the same as if the trial court in place of this court had granted a new trial, subject, however, to such directions as this court may have given concerning the manner in which the case shall be retried, and so the action of the trial court in permitting either of the parties to introduce into the case for the first time a new and material issue will not be interfered with by this court unless it appears that in so doing the trial court abused its broad discretion. Enc. Pleading and Practice, vol. 1, p. 489.

But the right of the trial court to permit new issues to be brought into the case after it has been sent back by this court for a retrial or when a new trial is granted should not be extended to the party who succeeds in obtaining a new trial or in securing a reversal with directions for a retrial unless it is made to appear that the new issues sought by such party to be brought into the case could not in the exercise of reasonable diligence on his part have been put into the case on the first trial.

If the rule were otherwise litigation would be interminable and new trials or retrials would be without number, first upon one ground and then upon another, and parties would be encouraged to split up their rights of action or causes of defense, presenting only some of them in one trial while holding back the others for service at a future time.

This rule of practice, however, should not be applied to the party who succeeds in the lower court and does not ask a new trial, or who loses in this court on the appeal of his adversary. If a new trial is granted in the lower

court to the unsuccessful party there or he obtains a reversal in this court with directions for a retrial, the other party may in either event put into the case on the second trial new issues, and this without reference to whether by the exercise of reasonable diligence he could have put them in the case on or before the first trial.

The reason why this distinction should be made and why the successful party in the lower court before a new trial is there granted or the unsuccessful party in this court when a retrial is ordered may be permitted to bring into the case new issues, is that his failure to do this in the first instance will not delay the final trial of the case or permit him by splitting up his cause of action or defense to extend the litigation. He is merely allowed to take advantage of a situation opened up to him over his objection.

When the parties go to trial in the circuit court each should put into the case every cause of action or defense that in the exercise of reasonable diligence is available and that he desires to rely on, and the one failing to do this cannot, when a new trial or a retrial is secured on his motion, thereafter inject into the case a new issue that in the exercise of reasonable diligence on his part might have been disposed of on the first trial.

Applying now to this case the rules of practice as we have stated them, our opinion is that the contestants had the right to put into the case on the second trial the new issue then first presented, although they could not have done this if the new trial had been granted on their motion.

The remaining question relates to the sufficiency of the evidence to sustain the finding of the jury. Upon this point it would serve no useful purpose to extend this opinion by a recital of the evidence. It is sufficient to say that there was evidence conducing to show that the paper was wholly in the handwriting of the testatrix and that her name was subscribed by her. There was also evidence tending to show that the paper was a forgery or that it was not wholly written by her. On the facts the jury might have found either way, and it could not be said that their finding was flagrantly against the evidence.

Before ending the opinion we think it proper to say that upon a reconsideration of this case in response to the petition for rehearing filed by appellant we have reached the conclusion that the judgment appealed from was rightly affirmed, but the reasoning of the opinion on the

subject of permitting new issues to be brought into the case was not correct or satisfactory. Accordingly, the opinion as handed down has been reformed and a different rule laid down as to the circumstances under which new issues may be brought into the case following a reversal with directions for a new trial.

Under rule 13, providing that opinions shall not be given out for publication until the petition for a rehearing is disposed of, we have adopted the practice of correcting and reforming the original opinion when necessary to correct errors pointed out in the petition for a rehearing, in place of handing down, as formerly was done, a separate response to the petition, and this new practice we have followed in this case.

Upon the whole case we see no reason for disturbing the judgment, and it is affirmed.