## Correll et al. v. People's Bank of Science Hill.

(Decided Dec. 6, 1932.)

VIRGIL P. SMITH and B. J. BETHURUM for appellants.
WESLEY & SON and JAMES DENTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The People's Bank of Science Hill, Ky., brought this suit to recover on the following note alleged to have been signed by David Correll and E. C. Webb:

"$1,200.00        Science Hill, Ky.,
                          Mar. 3rd, 1924.

"Four (4) months after date we promise to pay to the order of the People's Bank, Science Hill, Ky., twelve dollars for value received, with interest from maturity at the rate of eight per cent. per annum until paid Negotiable and payable at the office of the People's Bank, Science Hill, Ky. And we, the Drawers and Endorsers, severally waive

presentment for payment, protest and notice of protest.

"Ren. No. 9784

"No. 10556                                    David Correll

"Due July 3, 1924.                          E. C. Webb."

Afterwards there was filed an amended petition alleging that the indebtedness evidenced by the note was $1,200, and that by mistake the draftsman failed to write the word "hundred" after the word "twelve." Thereupon the defendants, though admitting the genuineness of their signatures on the note, filed an answer pleading non est factum, and further that they, as sureties for Joe Correll, a son of the defendant, David Correll, had executed a note with him as principal for the sum of $200, which had been renewed in the same way on several occasions, and specifically denying the execution of any note except as sureties of Joe Correll, or for any amount in excess of $200. The allegations of the answer were controverted by a reply, and evidence was then heard. After hearing the evidence, the court permitted plaintiff to file an amended petition to conform to the proof, alleging that the note sued on was executed in renewal of a former note for like amount executed by David Correll and E. C. Webb in the month of July, 1922, and asking a recovery on the original indebtedness if it should be found that defendants were not bound on the note sued on. By amended answer defendants denied the execution of the former note, or that they ever executed any note to plaintiff except as sureties on the $200 note for Joe Correll, and further averred that, at the time the note was delivered to plaintiff, the name of Joe Correll was signed thereto, and appeared on the note, and that the note had been in possession of the bank ever since. Thus the defenses presented by the answer and amended answer were non est factum, material alteration, and no consideration. No reply was filed to the amended answer. The jury returned a verdict in favor of the bank, and on appeal the judgment was reversed on the ground that the allegations of the amended answer were not controverted, and on the further ground that the instruction submitting the issue as to whether the note had been raised without the knowledge or consent of the defendants was erroneous, in that it omitted any reference to the elimination of the name on the note claimed by the defendants to be an alteration. Correll et al.

v. People's Bank of Science Hill, 223 Ky. 115, 3 S. W. (2d) 170.

The next trial resulted in another verdict and judgment for the bank, and Correll and Webb have again appealed.

In view of the conclusion of the court, it is unnecessary to review the evidence, or to determine whether appellants were entitled to a peremptory instruction.

> "The rule in this jurisdiction is: 'That the opinion upon the first appeal is the law of the case, not only with respect (1) to errors relied upon for a reversal on the first appeal and which are mentioned in the first opinion; (2) to errors relied on but not noticed in the opinion; but (3) also as to errors appearing in the first record that might have been but were not then relied upon. * * *' This rule applies to all cases where the opinion does not expressly state that a particular point is not passed upon; and an opinion upon a first appeal conclusively settles the question of the sufficiency of the pleadings, the competency of the testimony, and its sufficiency to take the case to the jury." C., N. O. & T. P. Ry. Co v. Perkins' Adm'r, 193 Ky. 207, 235 S. W. 776, 777.

On the former appeal, appellants insisted that they were entitled to a peremptory instruction on the ground that the evidence introduced by the bank to combat the defenses, non est factum, material alteration, and no consideration, was not sufficient to make an issue for the jury. As the former opinion did not expressly state that these points were not passed on, the effect of the ruling was that the evidence on each issue was sufficient to take the case to the jury, and that ruling is binding, not only on the trial court, but on this court as well.

We find that the instructions on the last trial substantially conformed to those directed to be given in our former opinion.

Judgment affirmed.