## Tomppert et al. v. Day's Administratrix.

(Decided Oct. 25, 1935.)

O. H. POLLARD, R. L. POLLARD, CHAS. W. MORRIS and FRANK GARLOVE for appellants.

HENRY L. SPENCER and WILLIAMS & ALLEN for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an action to recover damages to the estate of Daniel Boone Day, deceased, resulting from an accident in which he was killed. About 1:30 o'clock on the afternoon of February 8, 1933, decedent, while walking along the right-hand side of the highway near the city limits of Jackson, Ky., was struck by an automobile driven by the appellant George E. Tomppert and so injured that he died within a few hours thereafter without regaining consciousness. The evidence indicates that on the day of the accident there was snow on the ground and the highway was slippery, and that at the point of the accident the road was wide enough for three cars to pass, but that there was a track through the snow about the width of one automobile, along which appellant Tomppert was proceeding. One witness testified that he was walking along the highway in the opposite direction from that of decedent, and on the other side of the road. Before he had taken twenty steps after meeting the decedent, he met appellant's automobile, and stepped aside to let it pass. Just after he had done so he heard a noise, and, looking back, saw Day fall near the center of the road, and saw the automobile cutting to its left, where it stopped within a space of about 50 feet. Tomp-

pert testified that he saw this witness and decedent, Day, when he was at a distance of 500 feet from them; that he sounded his horn, and saw the witness move out of his way and Day move slightly to the right, and he therefore assumed that the approach of his car was known. He further testified that, when he was within 10 or 15 feet of Day, the latter suddenly walked or ran out into the path of the automobile. Tomppert swerved his car to the left, and Day was struck by the handle to the door on the right side of the automobile, breaking the handle off. Alleging negligence in the operation of the automobile, this action was filed against Tomppert and his employer. On the trial of the action, the jury returned a verdict in favor of the plaintiff in the sum of $10,000.

Appellants contend that the trial court erred in overruling their motion for a directed verdict (1) because there was no proof of negligence on the part of the driver of the car, and (2) because the order appointing plaintiff as administratrix was not signed by the county judge. The evidence was conflicting, but there was testimony that Tomppert was driving at a speed of from 45 to 50 miles an hour and that he did not sound his horn to warn decedent of his approach. The testimony for both plaintiff and defendants indicates that Tomppert stopped his car within a space of 50 feet after it struck decedent, and, while this physical fact makes it seem highly improbable that Tomppert was traveling at such a high rate of speed as is claimed—for it seems hardly credible that he could have stopped his automobile within this distance on a slippery road had he been traveling at 45 or 50 miles an hour—still there was positive evidence of his speed, and the question of his negligence was, we think, properly submitted to the jury. In response to appellants' second contention, it will suffice to say that the order appointing the administratrix was signed during the progress of the trial, and there is no showing that the failure to sign it before in any way prejudiced appellants' substantial rights.

The principal defense relied on by appellants rested on the fact that the decedent was in a place of safety when he was first seen by Tomppert and that the decedent left the place of safety and stepped, walked, or ran in front of the automobile when it was so near to him that the driver could not avoid the accident by the exercise of ordinary care. Obviously, this theory of the

defense was not embodied in the instruction given on contributory negligence. Its theory really is that the act of the decedent in thus suddenly leaving a place of safey and moving into the path of the car was the sole proximate cause of the accident, and that it is thus immaterial whether or not there existed antecedent negligence on the part of the defendant. The defendants tendered an instruction on this point, which was refused by the trial court. This was plainly error. Fork Ridge Bus Line v. Matthews, 248 Ky. 419, 58 S. W. (2d) 615; Louisville & Nashville R. Co. v. Cornett's Adm'r, 237 Ky. 131, 35 S. W. (2d) 10.

Other errors are complained of, which we have not considered and do not decide.

Judgment reversed.