## Bessire & Co. et al. v. Day's Administratrix.

(Decided March 26, 1937.)

POLLARD & POLLARD, CHARLES W. MORRIS and FRANK A. GARLOVE for appellants.

WILLIAMS & ALLEN and H. L. SPENCER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Boone Day's administratrix brought this action against George E. Tomppert and his employer, Bessire & Co., to recover damages for the death of Day. The first trial resulted in a verdict and judgment for $10,-000, in favor of the administratrix. On appeal it was held that there was sufficient evidence of negligence to take the case to the jury, but the judgment was reversed for failure to give an offered instruction.

Tomppert v. Day's Administratrix, 261 Ky. 40, 86 S. W. (2d) 1027. On the second trial there was a verdict in favor of the administratrix for $7,000. From the judgment entered on that verdict this appeal is prosecuted.

As the facts are set forth in our former opinion, it

will be unnecessary to refer to them, except to say that the case for the administratrix was somewhat strengthened by the evidence on the second trial.

On the return of the case, and about 2 years after the original answer was filed, Bessire & Co. filed an amended answer pleading in substance that George E. Tomppert, the driver of the car which struck the decedent, was not its agent, but was an independent contractor.

One of the grounds urged for reversal is that the evidence showed that Tomppert was an independent contractor, and for that reason Bessire & Co.'s motion for a peremptory should have been sustained. Appellee takes the position that it was improper to permit the amended answer to be filed, as it presented an entirely new defense. Appellant insists that the original answer made an issue as to Tomppert's agency, and the amendment merely amplified and clarified the issue. The petition contains the following allegation:

"That the defendant George E. Tomppert is and was at all the times hereinafter mentioned the agent and salesman of his co-defendant, Bessire & Company, operating an automobile and selling bakery products for his co-defendant, Bessire & Company."

The petition contained the further allegation that

"the defendant George E. Tomppert, while in the discharge of his duties to his co-defendant Bessire & Company, and acting as the agent, employee and servant of the Company, drove in a careless and negligent manner and in violation of law and steered and operated an automobile in such a gross and careless and negligent manner as to cause the said automobile to run into and strike the said Daniel Boone Day," etc.

The amended petition contains the allegation "that at the time her decedent, the said Daniel Boone Day, was struck and killed, as set out in her said petition, he the said Daniel Boone Day was walking along the highway and on the right of the center thereof and near and within two or three feet of the right shoulder or edge of said highway in the direction in which he was traveling, which was in direction of Jackson, Kentucky, and that the defendant, George E. Tomppert, agent and employee of the defendant, Bessire & Company and who

was then and there acting within the scope of his employment and in line of his duty with the said Bessire and Company, without sounding the horn or other device of said automobile and at a high and dangerous rate of speed and with gross negligence and carelessness ran said automobile over and against plaintiff's said decedent thereby inflicting injuries from which he died." In the original answer there was no denial of the allegation "that the defendant, George E. Tomppert is and was at all the times hereinafter mentioned the agent and salesman of his co-defendant, Bessire & Company," but only a denial of negligence. The pertinent allegations of the amended petition were denied in the following language:

"Or that defendant, George E. Tomppert agent or employee of the defendant, Bessire & Company, or who was then or there acting within the scope of his employment or in the line of his duty with said Bessire & Company, or without sounding the horn or other device of said automobile, or at a high or dangerous rate of speed, or with gross or any negligence or carelessness ran said automobile over or against plaintiff's said decedent or at all or thereby inflicting injuries from which he died."

This language cannot be construed as a denial of agency. It is a mere denial that Tomppert as agent or employee of Bessire & Co. did certain things with gross or any negligence, or did them at all. There being no denial of agency, the question is, whether the amended answer presenting the defense of independent contractor should have been permitted to be filed. The only limitation upon the discretion of the court in allowing amended pleadings is that they must be in furtherance of justice, and must not change substantially the claim or defense. Section 134, Civil Code of Practice. Greer v. City of Covington, 83 Ky. 410, 2 S. W. 323. The case was tried out on the question of negligence. The case was appealed, and it was held that there was sufficient evidence of negligence to take the case to the jury. On the return of the case, and about 2 years after the original answer was filed, Bessire & Co. filed the amended answer setting up the defense of independent contractor. Thus the defense was entirely changed, and no reason was shown why the new defense should not have been presented when the original answer was filed. On the contrary, the facts were as well known to

appellant at that time as they were at the time the amendment was filed. Not only was there an abuse of discretion in permitting the amendment to be filed, but this court, though reserving other questions, held on the former appeal that appellee was entitled to go to the jury. In the circumstances that opinion is conclusive of that right, Correll v. People's Bank of Science Hill, 246 Ky. 356, 55 S. W. (2d) 8, and the effect of the ruling may not be changed by the filing of an amendment interposing an entirely new defense existing at the time of the first trial and the presentation of conflicting evidence by appellant. Blanton v. Wilson, 234 Ky. 637, 28 S. W. (2d) 970; Equitable Life Assur. Soc. of U. S. v. Reynolds, 259 Ky. 504, 82 S. W. (2d) 509. See, also, the case of Schrodt's Ex'r v. Schrodt, 189 Ky. 457, 225 S. W. 151, wherein we held that a party who succeeds in the lower court, but loses upon adversary's appeal, may on retrial granted such adversary put into the case on the second trial new issues without reference to whether by the exercise of reasonable diligence he could have put them in the case on or before the first trial, but such right should not be extended to the party who succeeds in obtaining a new trial or in securing a reversal with directions for a retrial, unless it is made to appear that the new issues sought by such party to be brought into the case could not in the exercise of reasonable diligence on his part have been put into the case on the first trial. As it was not proper to permit the filing of the amended answer presenting the defense of independent contractor, it necessarily results that appellant was not prejudiced by the court's failure to direct a verdict in its favor on the ground that the evidence showed conclusively that the driver of the car was an independent contractor.

The further point is made that the verdict is excessive and not sustained by the evidence. It is argued that there was no proof of decedent's age, or his life expectancy at the time of his death, and not only was there no proof of his earning power, but the evidence shows that he was incapable of earning anything. Also, attention is called to the fact that there was no dependency on the part of those to whom the damages were to go, and therefore no pecuniary loss resulting from the decedent's death. The measure of damages in this state is the permanent reduction of the decedent's power to earn money, and not the loss sustained by any par-

ticular claimant or claimants. While there was no proof of decedent's expectancy, there was proof that he was 30 odd years old. It is true that there was evidence that decedent was drawing a pension from the government, and that five witnesses expressed the opinion that he was unable to work and at one time there was a committee appointed to look after his affairs. No effect can be given to the appointment of a committee, for the order of appointment was set aside on the ground that the court was without jurisdiction, and the proceeding shows nothing more than effort of his family to see that his pension was spent in a way satisfactory to them. Three witnesses say that he appeared to be a strong able-bodied man, and was capable of doing work. One of them with whom the decedent lived said that he frequently worked for him, and he applied the amount earned on decedent's board. Decedent was a pensioner, and, while the drawing of a pension is not conducive to much activity, it cannot be regarded as conclusive of one's ability to work. A failure to show earning power has never been regarded as fatal to a recovery. On the contrary as has been pointed out in numerous cases it is for the jury to determine the amount of damages by applying their common knowledge and experience to all the facts and circumstances of the case. Cumberland Tel. & Tel. Co. v. Overfield, 127 Ky. 548, 106 S. W. 242, 32 Ky. Law Rep. 421; Louisville & N. R. Co. v. Grassman, 147 Ky. 618, 144 S. W. 748; Chesapeake & O. R. Co. v. Bank's Adm'r, 153 Ky. 629, 156 S. W. 109; Chesapeake & O. R. Co. v. Bland, 171 Ky. 430, 188 S. W. 498; Louisville & N. R. Co. v. Sinclair, 171 Ky. 562, 188 S. W. 648; Moore v. Hart, 171 Ky. 725, 188 S. W. 861; Kentucky & I. T. R. Co. v. Becker's Adm'r, 185 Ky. 169, 214 S. W. 900; Gretton v. Duncan, 238 Ky. 554, 38 S. W. (2d) 448; Fry & Kain v. Keen, 248 Ky. 548, 59 S. W. (2d) 3; Keys et al. v. Nash's Adm'x, 264 Ky. 398, 94 S. W. (2d) 1006. In the case of Kentucky & I. T. R. Co. v. Becker's Adm'r, supra, a verdict for $16,000 for the death of a wife and housekeeper 28 years of age, who performed all the family household duties, except the washing and ironing, was upheld. Clearly there was no such proof of inability to labor as would authorize us to say that the verdict of $7,000 for the death of a man under 40 is excessive, or is not sustained by the evidence.

Judgment affirmed.