## Eline v. Commonwealth Life Ins. Co.

Feb. 24, 1939.

Eugene Hubbard, Judge.

WILBUR FIELDS for appellant.

CARY & ABELL for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

This appeal is before us for a second time, opinion on the first appeal having been delivered June 24, 1938. Commonwealth Life Insurance Company v. Eline, 274 Ky. 539, 119 S. W. (2d) 637.

It is not necessary to restate the facts, the reasoning, or conclusions of the court as appear in that opinion, since insofar as relating to the transactions between the parties involved, they did not differ on the second trial.

In that case the court adverted to the fact that none of the deeds, which formed the basis of the original law suit, was before the court. In the present transcript there is embodied a copy of the deed from Russell and Coupe to appellant, in which she assumed the payment of the Insurance Company's lien debt against its mortgagees. There appear also some pleadings and orders in the first transcript which are apparently omitted from the second. The first transcript is before us on appellant's sustained motion to lodge it with, and consider it on this appeal.

The opinion on the first appeal brought a vigorous petition for rehearing, which was overruled on October 4, 1938. Thereupon mandate was issued and filed in the lower court on October 15, 1938. The mandate in part read:

"The court being sufficiently advised, it seems to them the judgment herein is erroneous. It is therefore considered that said judgment be reversed, and cause remanded, with directions to set it aside and to enter judgment in conformity with this opinion."

On December 16, 1938, following matters arising and procedure had in the interim, appellant moved this court to amend the mandate by striking therefrom the words: "With directions to set it aside and to enter judgment in conformity with this opinion," which would

leave the order merely reversing and remanding. Our records show that appellant's motion was overruled by this court on January 18, 1939.

Looking to the procedure had in the circuit court after filing mandate, we find on the court's orders of October 15, 1938: "Set by plaintiff October 10, and filed in court October 15, 1938." On that day counsel for plaintiff moved the court to file the mandate, and also moved the court to enter judgment in accordance with the mandate. The court sustained the motion to file the mandate, but took under submission the motion for judgment in conformity, the judgment being tendered on the same day.

On October 22, appellant called the attention of the court to the fact that notice of the filing of the mandate had not been given as required by the Code. No motion was made at that time to set aside the order filing the mandate, but counsel objected to the entry of the tendered judgment, for the reason that appellant desired to plead further, "and to have the action assigned to a date for trial." The court without objection (as far as the record shows) sustained the motion to pass the case for a later date, and on October 29, entered judgment against appellant for the sum sought to be recovered of her in the original action to which appellant objected, and time was given to prepare and file a bill of exceptions. No appeal was taken at the time from this judgment.

However, on November 9, 1938, counsel for appellant moved the court to strike the mandate, and to set aside the judgment of October 29, on the ground of failure to give notice of the filing. At the same time appellant offered to file her third amended answer. The court overruled the motions but made the tendered answer a part of the record for the "purpose of appeal only." Timely objections and exceptions were made and taken, and the court granted an appeal.

Taking up the preliminary question, it is apparent that appellant, even if it be conceded that there was a failure of notice as required by the Civil Code of Practice, Section 761, has not shown herself prejudiced by such failure. The record shows that counsel had notice, even though it may have been "merely by chance." The objection interposed on October 15 was to the entry of the judgment tendered by counsel for the Insurance

Company. The court took under submission the motion to enter the judgment tendered, and it was not until October 29, more than ten days after filing the mandate, that judgment was entered, and it was not until November 4, that appellant tendered her third amended answer.

Appellant, insofar as she is now complaining, had her day in court. The question of setting aside the order filing the mandate, or this court's order overruling the motion to amend, we may rightfully assume, had little or nothing to do with the form or content of the defensive pleading proffered by appellant.

Appellant's right to have the case re-opened for further pleading depends upon consideration of two points—the pleadings and procedure in the first case, and the character of the defensive pleading tendered.

Even though the mandate of our court had said, "Reversed with directions for a new trial," and appellant had tendered the pleading to which we shall later refer, it would have been for the court below to determine, in the exercise of a sound discretion, as to whether or not the filing of the tendered answer should have been allowed, and we would be powerless to reverse the lower court's ruling thereon, unless we were convinced that the court abused that discretion. The cases cited by appellant's counsel so hold, and we find none other to the contrary.

Paragraph 1 of appellant's third amended answer (offered after the case went back to the lower court) while not undertaking to, or if so undertaking, fails to set up any sufficient ground of fraud. She merely alleges that the deed from Coupe and Russell to her, which provided the assumption of the mortgage to the Insurance Company, was delivered to her husband, without her knowledge or consent, and that she had no "knowledge of said deed until this action was filed," and that she was not the owner of the property conveyed by her to the grantees, but signed the deed as wife of the owner, A. J. Eline. Nowhere does she say that she had no knowledge that the deed was not to embrace the assumption of the mortgage; neither did she raise this or the other defenses in her original or amended defensive pleadings, wherein, as we read those pleadings, she showed that she then had knowledge of the first defense. Of the other alleged defense, she must have had knowledge during all times involved.

In paragraph 2 she alleged that the property conveyed to her was located in Indiana; that under the laws of Indiana (Section 8045, Burns' Revised Statutes), it was provided that a person could not be held liable to answer for the debt of another unless the agreement or a memorandum thereof be in writing signed by the person charged, further saying that the deed from Russell and Coupe was not signed by her.

The third paragraph of the third amended answer plead the five year statute of limitations, because the deed was dated and recorded on or about December 17, 1929, more than five years prior to the institution of the suit.

Observation of the original transcript before us shows that the matters contained in the second and third paragraphs of the third amended answer had been fully set up in the original and amended answers on the first trial, but had been withdrawn, leaving the sole issue upon which the cause was submitted and adjudged, the plea of lack or failure of consideration for the assumption of the mortgage debt. This was the only issue considered by this court on review, and for this reason, as the pleadings justified, the court directed a judgment in accord with its findings.

Referring now to the record on the first appeal, we find that the case was submitted "upon the issue of whether or not there was a failure of consideration for the assumption of the mortgage indebtedness by Elizabeth Eline." The lower court held that there was lack of showing of consideration, and dismissed plaintiff's petition as against this appellant. A reading of our opinion shows that we disagreed with the lower court. We note also in the old record the following:

"By agreement of plaintiff and defendant Elizabeth Eline * * * it is ordered that this action be and is hereby submitted for judgment upon the pleadings as to the issues existing between the * * * plaintiff and defendant, Elizabeth Eline.

"By agreement of parties by counsel there is withdrawn from the record of this case paragraph 2 of the answer of the defendant * * * pleading. Section 8045 Burns' Revised Statutes of 1926, as a defense of this action, and there is further withdrawn the first amended answer of defendant, pleading the five year statute of limitation as a bar

in right of plaintiff to maintain this action as against * * * Elizabeth Eline.''

It may at once be seen that should we hold that the court abused a discretion in rejecting the proffered answer, on another trial, defendant might withdraw two of the defenses set up, and if unsuccessful, later present the third. This is a form of practice not recognized by this court as being proper or allowable.

It is true that in Schrodt's Ex'r v. Schrodt, 189 Ky. 457, 225 S. W. 151, 152, upon which (with others) appellant relies, we sanctioned the introduction of a new issue upon a second trial after reversal by this court, directing a new trial, advising that if ''upon another trial the evidence be substantially the same, the trial court will direct the jury to return a verdict sustaining the will.''

On the return there arose no question of a tendered pleading. The issue was one of fact, which was embraced in the general plea attacking the validity of a will. The court applied in a measure the provisions of Section 134 of the Civil Code of Practice relating to amendments allowable, in concluding that the court below had not abused a discretion in permitting the interjection of a new factual issue, which was justified by the general plea that the paper offered for probate was not the will of testator.

The court was particular not to overrule Goff v. Lowe, 141 Ky. 799, 133 S. W. 995, and further in distinguishing the case then at bar, made reference to Miller's Appellate Practice, Section 138. We have no difficulty in distinguishing the case now at bar from the Schrodt case, supra, and as supporting the rule laid down in the cases referred to in that opinion, which, rule was therein found to be a ''well established rule of practice.'' We may add Metropolitan Life Insurance Company v. Johnson, 252 Ky. 153, 65 S. W. (2d) 1030; Bessire & Co. v. Day's Adm'x, 268 Ky. 87, 103 S. W. (2d) 644.

On the authority of the cases cited, we are of the opinion that the lower court was correct in refusing the filing of the tendered pleading.

Judgment affirmed.

The whole court sitting.