## Pieck v. Carran.

Dec. 19, 1941.

Rogers & Rogers for appellant.

S. L. Blakely for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

On the first appeal of this case (271 Ky. 32, 111 S. W. (2d) 440, 442), parties were respectively defendant and plaintiff, and occupied like positions on the second trial. It is not necessary for us to restate the facts or conclusions of law, except insofar as they may be pertinent. We reversed the first judgment for reasons clearly set out in the opinion, and remanded for "proceedings consistent with this opinion."

When our mandate, which followed the language of our opinion, was filed, appellant moved the court to set aside the former judgment and enter one dismissing the petition. This motion the court overruled. Appellee moved to restore the case to the docket, and permit him to file an amended petition. Both motions were sustained; the court reinstating the case on the docket to "be given the same position thereon as if no appeal had been filed." The amended petition, and its amendment, undertook to plead that in the contract between original lessor and lessee, which appellant assumed on her purchase of the lot, there were certain clauses which provided that in event of the reconstruction of the Dixie Highway, the lessor should forego rentals and extend the lease for such period as the reconstruction continued, which it was agreed was from April 12 to June 18, 1933, prior to the expiration of the three year term of leasehold. The contention was that this clause operated so as to allow the exercise of the option more than two months later than March 23, 1935.

Upon this amended pleading the matter was submitted to the chancellor, who rendered a judgment following the one which had been rendered on the first trial, omitting the former provision that appellant should be required to execute a new lease to Carran, and it is from this judgment reversal is sought on motion for appeal.

In allowing the pleadings to be filed, the chancellor followed certain language in the case of Schrodt's Ex'r v. Schrodt, 189 Ky. 457, 225 S. W. 151, 154, quoting:

> "If a new trial is granted in the lower court to the unsuccessful party there, or he obtains a reversal in this court with directions for a retrial, the other party may in either event put into the case on the second trial new issues, and this without reference to whether by the exercise of reasonable diligence he could have put them in the case on or before the first trial."

We need not attempt to analyze the language quoted in order to ascertain if the principle is applicable here. It could be so only if this court had in its opinion directed a retrial, as had been done in the first Schrodt appeal, 181 Ky. 174, 203 S. W. 1051. The first opinion gave full application to Section 134 of the Civil Code of Practice to all cases where a case is sent back for *retrial*, except in such as this court may have directed the trial court how to proceed. We undertook to distinguish the Schrodt case in Eline v. Commonwealth Life Ins. Co., 277 Ky. 744, 126 S. W. (2d) 1103.

It is true that in closing our opinion in this case we did not in specific words direct the court what order should be entered on remand, but it is certain that we did not direct a new trial. In the case of Preece v. Woolford, 200 Ky. 604, 255 S. W. 285, 287, quoting from 4 C. J. 1220, it might appear that in this case the court had wide discretion in redocketing the case, to have the same position as if no appeal had been taken, but the rule therein announced is limited by the language:

> "The trial court may take such action, not *inconsistent* with the *decision* of the appellate court, as in its judgment law and justice require, where the case has been remanded generally without directions, or for further proceedings, or for further proceedings in accordance with, or not inconsistent, with the opinion."

In the first Preece case the opinion merely "reversed," without adding for proceedings consistent with this opinion, and the mandate was worded likewise. This is not the situation here presented.

In the absence of a direction for a new trial, or re-

trial, it was inconsistent with the mandate, and certainly with the opinion, for the chancellor to place it on the docket to have the same standing as if no trial had. In the Preece case we were only dealing with the introduction of evidence by way of deposition, already in the record upon the first trial, and we limited the reopening for that purpose alone, saying we would not approve a practice that would permit the trial court to reopen the case for the reception of cumulative evidence after the reversal of the judgment.

The construction we have placed upon the opinion (and mandate) has been applied in other jurisdictions. In Deason & Keith v. Rock, 149 Ark. 401, 232 S. W. 583, 584, the court held that on reversal and remand of a chancery decree "for further proceedings * * * not inconsistent with the opinion" means that the trial court shall render a decree in accordance with the record made, and not allow a new trial. In Wenborne-Karpen Dryer Co. v. Cutler Dry Kiln Co., D. C., 21 F. (2d) 692, the court, construing "for further proceedings," said the language meant entry of a decree to conform to the opinion of the appellate court dismissing the bill and did not authorize reconsideration of issues decided or admission of new testimony. See also State v. Superior Court for King County, 97 Wash. 250, 166 P. 628.

The chancellor placed too much stress on some of the language used in the Schrodt case, supra, which did not stop upon the decision of the sole question there presented, but undertook to write into the opinion a thesis on procedure to be applied in every state of case which might arise under various circumstances. However, it seems obvious that the court did not intend that the broad rules laid down should apply unless the case was "sent back for new trial, or a new trial is granted," and we note that in the first Schrodt appeal [181 Ky. 174, 203 S. W. 1054] the opinion remanded "for a new trial consistent with this opinion," and suggested that if upon the retrial the evidence "be substantially the same," the court should direct a verdict. In the case of Burley Growers' Ass'n v. Brown, 229 Ky. 696, 17 S. W. (2d) 1002, cited by counsel for appellee, we only held that the former opinion was not the law of the case, since there were new issues and new facts on the second trial.

In Collins v. Lemaster's Adm'r, 232 Ky. 188, 189, 22 S. W. (2d) 567, this court on the first appeal had ex-

pressed certain determinations in respect of the rights of the parties; the judgment was reversed for proceedings consistent with the opinion. On a return of the case the court entered a decree not in accord with the expressions by this court. On the second appeal questions presented on the first appeal were reargued, but we held: "Since there was no change in the issues or the facts," the former opinion was the law of the case. Nor was the same or similar question presented in Southern Railway Co. v. Com., 238 Ky. 638, 38 S. W. (2d) 696, in which we held a former opinion not to be the law of the case, because a different state of facts had been presented. Counsel cites Bessire & Co. v. Day's Adm'x, 268 Ky. 87, 103 S. W. (2d) 644, which involved common law action for death caused by negligence. We had reversed the first judgment because of faulty instructions. We simply wrote in our opinion, "Reversed," but the court there did not conceive that this court intended that there should not be a retrial of the case. See Tomppert v. Day's Adm'x, 261 Ky. 40, 86 S. W. (2d) 1027.

On the second appeal it appeared that on the second trial one of the defendants filed an amendment setting up a defense which varied from such as had been tendered on the first trial. We quoted Section 134 of the Civil Code of Practice, but found that the case was tried on the question of negligence; that on first appeal there was sufficient evidence to take the case to the jury. We also found that Bessire's amended answer changed the defense, "and no reason was shown why the new defense should not have been presented when the original answer was filed. On the contrary, the facts were as well known to appellant at that time as they were at the time the amendment was filed. Not only was there an abuse of discretion in permitting the amendment to be filed, but this court, though reserving other questions, held on the former appeal that appellee was entitled to go to the jury. In the circumstances that opinion is conclusive of that right, Correll v. People's Bank of Science Hill, 246 Ky. 356, 55 S. W. (2d) 8, and the effect of the ruling may not be changed by the filing of an amendment interposing an entirely new defense existing at the time of the first trial." [268 Ky. 87, 103 S. W. (2d) 645.] Citing several cases, including the Schrodt case, supra.

Counsel for appellee here relies upon that portion of the opinion which exemplifies the meaning of Section

134 of the Civil Code. We need not discuss the effect of the filing of the amendment tendered by Carran on the remand of the instant case, or whether or not it presented a new ground of action. Whatever it did was most assuredly known to appellee on the first trial, since the provision upon which it was based was written in the agreement, copy of which was filed with the pleadings and brought in by proof. We say this because of the inescapable conclusion that the court should have sustained appellant's motion to set aside the former judgment and dismissed the petition. In other words, "Proceedings consistent with this opinion," did not authorize a new trial, but the setting aside of the former judgment.

The court, perhaps, overlooked the fact that in addition to our finding that Carran had not only suffered a forfeiture, but because in failing to comply with the terms of the contract, "had no right to maintain the action." By no sort of reasoning should it have been concluded from the opinion that this court had in mind that the case on remand should be redocketed for a de novo trial. So, the language quoted from the Bessire case is applicable here, and as held therein the first opinion is the law of the case. City of Louisville v. Redmon, 282 Ky. 1, 137 S. W. (2d) 350; Snyder v. Snyder, 269 Ky. 540, 107 S. W. (2d) 857; Appalachian Stave Co. v. Pickard, 266 Ky. 565, 99 S. W. (2d) 472; Connecticut F. Ins. Co. v. Baker, 287 Ky. 395, 153 S. W. (2d) 938, and this rule applies to subjects of litigation which parties failed to present, but might have brought forward on the first trial by the exercise of reasonable diligence. Blanton v. Wilson, 234 Ky. 637, 28 S. W. (2d) 970. On the general application of "law of the case" rule, reference may be had to 2 Ky. Dig., Appeal and Error, Key Number System 1097(1) et seq.

For the reasons indicated above, the motion for appeal is sustained; appeal granted and judgment reversed with directions to set aside the judgment and enter one dismissing the petition.