## Halteman v. Russell et al.

Feb. 2, 1945.

L. B. Alexander for appellant.

A. E. Boyd, Sr. for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

This appeal grows out of a continuation of the action following the former appeal and judgment in the case of Russell et al. v. Halteman's Adm'x, 287 Ky. 404, 153 S. W. 2d 899. Subsequent to issuance of mandate therein, plaintiff filed amended reply in which she alleged that the contract, as set out in the opinion of the court in the above case, and entered into with H. P. Hicks, or Hicks-Brady Company, was not signed by her, and that at the time same was signed by J. A. Halteman he was incapable mentally of transacting business, and that his signature thereto was procured by fraud and misrepresentation. She alleged further that the contract entered into with H. P. Hicks, or Hicks-Brady Company, was not the contract whereby the General Insurance Company acquired title to the business. The defendants thereupon filed motion to strike .from plaintiff's amended reply the following, to-wit:

"She states that the alleged contract entered into with H. P. Hicks or Hicks-Brady Company was not signed by her, and that at the time same was signed by J. A. Halteman, the said J. A. Halteman was incapable mentally of transacting business, and that his signature thereto was procured by fraud and misrepresentation.

"She states that said contract with Hicks-Brady Company and H. P. Hicks, was not the contract whereby the General Insurance Agency acquired title to said business."

The court sustained the motion and the words were stricken. Plaintiff declining to plead further, the petition was dismissed. This appeal results.

In his brief attorney for appellant contends that the question here presented is: "Can one of the three partners sell the assets of the partnership without the

approval and consent of the other two partners?'' As background to the supplemental matter involved in this appeal, it will be necessary to make a restatement of some of the facts as found in the case cited above. Lillian M. Halteman, J. A. Halteman and U. S. Evans were the individual members of a partnership known as the Halteman Insurance Agency, organized in 1924 and engaged in general insurance business in Paducah, Kentucky. The Halteman Insurance Agency became indebted to the Hicks-Brady Company of Nashville, Tennessee, and the Peoples National Bank of Paducah, in the total sum of approximately $13,800. To secure this indebtedness, J. A. Halteman and Lillian M. Halteman pledged to these creditors certain life insurance policies which had been issued on the life of J. A. Halteman, and in which Lillian M. Halteman was named as beneficiary. The assets of the Halteman Insurance Agency had also been pledged to the Hicks-Brady Company. By a contract of sale and purchase, the General Insurance Agency purchased from the Hicks-Brady Company the assets of the Halteman Insurance Agency, excepting the assignment of a life insurance policy or policies aggregating the sum of $5,000, and issued by the Union Central Life Insurance Company upon the life of J. A. Halteman. The Halteman Insurance Agency ratified and confirmed that contract and agreed to all of the provisions contained therein so far as it was concerned. The contract is as follows:

"This agreement made and entered into on this the 14th day of February, 1938 by and between P. H. Hicks, doing business as Hicks-Brady Company, party of the first part, and the General Insurance Company, Incorporated, with its principal office and place of business Paducah, Kentucky, party of the second part:

"Witnesseth

"That for and in consideration of the sum of Five Hundred ($500.00) Dollars to be paid by the party of the second part to the party of the first part, and which is to be paid as follows: Fifty ($50.00) Dollars cash, the balance of Four Hundred Fifty ($450.00) Dollars to be paid in nine (9) equal monthly installments, the first of which shall mature on February 15th, 1938 and with a like amount maturing on or before the 15th day of each and every succeeding and successive month thereafter until the sum of Four Hundred Fifty ($450.00) Dollars

shall have been paid, the party of the first part does by these presents sell, transfer, convey and assign to the said party of the second part all expirations, claims, demands, liens, sums and accounts held by the said party of the first part against the firm of Halteman Insurance Agency, a partnership, of Paducah, Kentucky, except the party of the first part is to retain the assignment of certain life insurance policy or policies aggregating the sum of Five Thousand ($5,000.00) Dollars, and issued by the Union Central Life Insurance Company upon the life of J. A. Halteman. The party of the second part does hereby agree to pay all premiums upon said policy or policies for a period of five (5) years from the date hereof, but it is understood and agreed that the party of the second part is not to pay any interest upon any loan or loans against said policies.

"The Halteman Insurance Agency, a partnership, ratifies and confirms the above and foregoing contract and agrees to all of the provisions contained therein in so far as it is concerned.

"Executed in triplicate on this the day and year first above written.

> "Hicks-Brady Company.
> "By P. H. Hicks,
> "Party of the first part.

> "The General Insurance Company, Inc.
> "By John G. Russell, Pres.
> "Party of the second part.

> "Halteman Insurance Agency.
> "By J. A. Halteman,
> "U. S. Evans."

In the former appeal of this matter, the plaintiff, Lillian M. Halteman, alleged there was an oral agreement entered into between the partnership members of the Halteman Insurance Agency and John G. Russell, promoter and agent of the General Insurance Agency, whereby the Halteman Insurance Agency sold all of its assets to the General Insurance Agency, and as part of the consideration therefor, the General Insurance Agency agreed to assume payment of the debts of the Halteman Insurance Agency owing to Hicks-Brady Company and the Peoples National Bank. However, in its

opinion in that case, the court ruled that, in the absence of a plea of mistake or fraud in the preparation of a writing, all previous oral agreements merge in the writing, and a contract as written cannot be modified or changed by parol evidence, and consequently the case was reversed and remanded for proceedings consistent with that opinion. Now, in order to void the contract on which the above opinion was based, the appellant seeks through her amended reply to have the contract adjudged not to be the real contract, and not the contract whereby the General Insurance Agency acquired the title to the assets and business of the Halteman Insurance Agency.

We are here confronted with the sole question as to whether or not the lower court properly sustained the motion to strike the plaintiff's amended reply. This necessitates a re-examination of the pleadings in the original action in order to determine the availability of the plea as set up in the stricken amended reply. The pleadings in the former trial disclose an amended answer of the defendants, John G. Russell and the General Insurance Agency, wherein they allege that the larger part of the assets acquired by the General Insurance Agency, formerly belonging to Halteman Insurance Agency, was acquired by purchase from the firm of Hicks-Brady Company and P. H. Hicks under a contract (which is the contract heretofore set out), and that this contract of purchase was agreed to by the members of the firm of Halteman Insurance Agency. The record further discloses the fact that by agreement of the parties, the affirmative matter contained in the amended answer was controverted of record. While it is true the contract above set out was placed in issue and was controverted of record, it appears the only issue made by the parties before the court related to the question of that contract or a previous oral contract pleaded by the plaintiff. The issue as to the incapacity of one of the signers of that contract was not before the trial court on the first trial. This issue was attempted to be introduced into the pleadings for the first time by the amended reply, which was stricken. The question then resolves itself into whether or not upon retrial of this cause under an order of reversal, the plaintiff should have the right to the benefits of an amended pleading introducing that issue? Section 134 of the Civil Code of Practice provides:

"The court may, at any time, in furtherance of justice, and on such terms as may be proper, cause or permit a pleading or proceeding to be amended, by adding or striking out the name of a party; or, by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, if the amendment do not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. And, if a proceeding taken by a party fail to conform in any respect to the provisions of this Code, the court may permit an amendment of such proceeding, so as to make it conformable thereto. And, if the allegations of a pleading be so indefinite or uncertain that the precise nature of the claim or defense is not apparent, the court may require the pleading to be made definite and certain by amendment. The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The status of a case on retrial following remand is carefully considered in the case of Schrodt's Ex'r et al. v. Schrodt et al., 189 Ky. 457, 225 S. W. 151, 153, in which the court held that upon return of a case from this court for a new trial the situation of the parties and the condition of the case is the same as if the trial court in place of this court had granted a new trial, subject, however, to the directions given by this court concerning the manner in which the case shall be retried. The court said further in that opinion: "And we think this section applies to proceedings in the trial court after a case has been sent back by this court for a retrial except in such particulars as this court may have directed the trial court how to proceed; in other words, our understanding is that, when a case goes back from this court for a new trial, the situation of the parties and the condition of the case is the same as if the trial court, in place of this court, had granted a new trial, subject, however, to such directions as this court may have given concerning the manner in which the case shall be retried, and so the action of the trial court in permitting either of the parties to introduce into the case for the first time a new and material issue will not be interfered with by this court unless it appears that in so doing the trial court

abused its broad discretion. Enc. Pleading & Practice, vol. 1, p. 489.''

This question was further discussed in the case of Eigelbach v. Roppel, 283 Ky. 749, 142 S. W.. 2d 983, 984, in which the court said: ''In the case of Schrodt's Ex'r v. Schrodt, 189 Ky. 457, 225 S. W. 151, 154, the court determined contentions concerning the filing of the amended pleading and the law of the case rule adversely to appellant's contention. The opinion in that case discussed the law of the case rule as set forth in the authorities cited by appellant, but held that: 'This rule of practice, however, should not be applied to the party who succeeds in the lower court and does not ask a new trial, or who loses in this court on the appeal of his adversary.' The opinion further held that under section 134 of the Civil Code of Practice the court may at any time and in furtherance of justice permit a pleading to be amended as therein set out and that such section applies to proceedings in the trial court in cases sent back by this court for retrial, except in such particulars as this court may have directed the trial court how to proceed. Under the holding in the Schrodt case appellee on the retrial of the case had the right to file an amended pleading making any allegation of the former pleading more definite, certain and specific, or even to raise a new issue, so in any event it is apparent that the court did not err in permitting the amended pleading to be filed. The Schrodt case was cited with approval in the recent case of Bessire & Co. v. Day's Adm'x, 268 Ky. 87, 103 S. W. 2d 644.''

This court looks with disfavor upon creating opportunities for a continuation of litigation or trial by piecemeal. It has always been the manifest desire of this court to foster methods of facilitating correct and orderly litigation, but in the instant case we have a plaintiff who was successful in the court below and upon appeal becoming the unsuccessful party. In the Schrodt case, supra, the court clearly sets out the distinction between the rights of the unsuccessful party and the successful party when a retrial is ordered. We are here confronted with the question of filing an amended reply in a situation opened up by the successful party, over the objection of the unsuccessful party. To sustain the motion to strike the amended pleading was in effect a closing of the door to the plaintiff. This appears to us to be depriving the plaintiff of a material issue affecting her

substantial rights, and even though the court may have broad discretionary power, it appears to us that it would be an abuse of this discretion to deny the plaintiff this right.

The motion to strike should have been overruled.

Judgment reversed.