## Harris, et al. v. Doughitt.

(Decided January 19, 1911.)

### Appeal from Daviess Circuit Court.

1. Pleading—Action Upon Warranty.—In this action for a rescission of a contract and for damages upon a warranty, the affirmative matter of the answer and counter claim was not controverted, either by reply or of record, and this being true the averment as to the warranty, the unsoundness of the horses, the breach of warranty and the damages alleged to have been sustained, should have been taken by the trial court as confessed.

2. Same.—Where the facts alleged in respect to the breach of warranty show an implied promise to repay plaintiff the value of the mare, the failure of the latter to deny these allegations rendered it unnecessary to offer evidence as to such damage. (See sub-section 4 of section 126 Civil Code of Practice.)

HURST & IGLEHEART for appellants.

WATKINS & BIRKHEAD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellee sued appellants in the Daviess quarterly court upon a note of $150. Appellants filed in that court a joint answer and counterclaim in which they admitted the execution of the note and its nonpayment, but alleged that it was executed for a part of the consideration the appellant Harris agreed to pay appellee for a pair of horses he purchased of him at the price of $250; the other $100 of the consideration having been paid at the time of the execution of the note in a mare valued at $100. It was further alleged in the answer and counterclaim that at the time of the contract of sale, appellee represented and warranted the two horses to be sound and free of disease; that the appellant Harris relied upon and was induced by the appellee's warranty to purchase the horses, but that though unknown to him, both horses were at the time of the warranty and sale diseased, and one of them in a few weeks after his purchase of him died of the "heaves;" that the other horse lived several months longer, but he, too, died of disease.

It was also alleged that appellee notwithstanding his warranty as to the soundness of the horses, knew at the time of their sale to appellant, Harris, of their unsoundness and concealed from him the fact in order to defraud him and did thereby practice a fraud upon him.

After formerly alleging a breach of the warranty and the damages resulting to the appellant Harris by reason thereof, appellants asked a recission of the contract, the cancellation of the note and a judgment against appellee in favor of the appellant Harris for $100, the alleged value of the mare, delivered by him to appellee, in part payment of the consideration agreed on for the horses.

The trial in the quarterly court resulted in a judgment in appellee's favor for the amount of the note sued on with interest, subject to a credit of $7.50 entered upon the note as of the date of its payment. From that judgment an appeal was taken by appellant to the circuit court, and in that court judgment went against them as

in the quarterly court. A new trial was refused them and from the judgment of the circuit court the present appeal was taken.

Appellants ask the reversal of the judgment complained of, because of the circuit court's refusal to grant them a continuance of the case upon the affidavits filed in support of their motion therefor. We do not think the refusal of the continuance was error, but a presentation of our reasons for this conclusion would be profitless, as we find it necessary to reverse the judgment upon the second ground relied on by appellants, namely: That they were entitled on the face of the pleadings to a judgment canceling the note and awarding the appellant Harris $100 damages as the value of the mare exchanged for the horses purchased of appellee.

We fail to find in the record that the affirmative matter of appellant's answer and counterclaim was controverted, either by a reply or of record. This being true its averments as to the warranty, the unsoundness of the horses purchased of appellee, the breach of the warranty and the damages resulting to appellant, Harris, in consequence thereof, should have been taken by the trial court as confessed, which entitled appellant to judgment as claimed on the face of the pleadings. It is provided by the Code, subsection 4 of section 126, that: "Allegations concerning value or amount of damage, not accompanied by an allegation of express promise, or by a statement of facts showing an implied promise, to pay such value or damage; such allegations, so accompanied, need not be proved unless traversed." In this case the only damages sought to be recovered by the appellant, Harris, is the value of the mare exchanged for appellee's two horses, which value, it was alleged in the answer and counterclaim, the parties themselves fixed at $100; and as the facts alleged in respect to the breach of the warranty show an implied promise on the part of appellee to repay plaintiff the value of the mare, in view of the failure of the latter to deny these allegations, proof was unnecessary as to such damage. Therefore, upon the undenied averments of the answer and counterclaim, appellant, Harris, should have been given judgment for the value of the mare.

He might have asserted a different measure of damages, but did not do so, so his recovery of damages was confined to the value of the mare.

We are satisfied from the statements of the brief of appellee's counsel, that they are under the impression

that the answer and counterclaim was controverted of record, but this is not shown by the record. Before another trial of the case appellee may be permitted to file a reply, or enter of record, an order, controverting the affirmative averments of the answer and counterclaim.

For the reasons indicated the judgment is reversed for a new trial consistent with the opinion.