## Consolidation Coal Company v. Spencer.

(Decided November 8, 1917.)

### Appeal from Johnson Circuit Court.

1. Master and Servant—Safe Place to Work.—It is the duty of the master to inspect the roof of the room of a coal mine, make and keep it in a reasonably safe condition so as to prevent injury thereby to a miner, employed in removing fallen slate from the room preliminary to the resumption of mining coal therein.

2. Master and Servant—Negligence—Contributory Negligence—Evidence.—In an action for damages by a miner, injured by falling slate while engaged in preparing a mine room for the resumption of coal mining therein, evidence held to show that the injurious accident was due to the negligence of the defendant in failing to inspect the roof of the mine and not to any negligence of the plaintiff.

3.  Evidence—Matters of Common Knowledge—Weight.—The opinion,
    deduced from common knowledge of such matters, that the con-
    dition of a roof of a mine, with respect to its safety, is constantly
    undergoing change, will not be permitted to overcome positive tes-
    timony that there was no obvious change in the condition of the
    roof of a particular mine.
4.  Master and Servant—Negligence—Assumed Risk.—A miner, in-
    jured by falling slate while engaged in preparing a mine room for
    the resumption of coal mining therein, does not assume the risk
    of such injury, unless the changes in the condition of the roof due
    to natural causes are such as to make the danger obvious.
5.  Trial—Peremptory Instruction—Evidence.—Upon a motion to di-
    rect a verdict, the mover cannot rely upon any of his evidence
    that is contradicted by the testimony of the opposite party.

ED. C. O'REAR, FOGG & KIRK and ALLIE W. YOUNG for ap-
pellant.

J. F. BAILEY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal from a judgment upon a verdict
awarding appellee, who was plaintiff below, $1,500.00 in
damages for personal injuries sustained by him, while
employed in one of appellant's mines in Johnson county.
There is but one ground for reversal relied upon, and
that is that the court refused to direct a verdict for the
defendant, at the close of plaintiff's testimony, and again
at the close of all the testimony.

Plaintiff's right to recover was predicated upon the
negligence of the defendant, in failing to furnish him a
safe place in which to work, in that it permitted the roof
of the mine, where he was working, which roof fell upon
and injured him, to be and to remain in an unsafe and
dangerous condition; and in an assurance, upon which he
relied, by defendant's agent, his superior in authority,
that the roof of the mine was safe. Plaintiff, at the time
of the injury, was twenty-nine years of age; had been
engaged in different kinds of work about coal mines for
about eleven years previous to the accident; and had been
employed by the defendant in this mine from July 29,
1913, to the time of his injury, which occurred January
26, 1914. He was injured in room No. 1 of the mine,
where, on account of the dangerous condition of its roof,
he refused to work about two weeks previously. On Fri-
day before the Monday, upon which he was injured, the
assistant foreman of the mine came to him in room No. 2,
where he was at work, and requested him to return to

room No. 1 to load out the slate that had fallen from the roof, in order to prepare the place for the resumption of the mining of coal therein. Plaintiff demurred to doing this, because he thought the place was dangerous. The foreman told him that the slate had fallen out, the roof had become arched, and that the room was then a safe place in which to work. The foreman then went with plaintiff to the place, inspected it, and assured plaintiff of its safety. The foreman claimed, however, in his testimony, that he told the plaintiff to watch the roof very closely as the work progressed. This the plaintiff denied, and stated that he made no examination of the roof at that time, or any other time before the accident, but relied upon the assurance of the foreman that the roof was safe. It is agreed that the roof, after the slate had fallen from it, had been left in an arched shape; that the place, from which the slate fell upon plaintiff, was near the top of the arch and some eight or nine feet above the floor; and that water had been leaking through the roof, which indicated that there was a crack somewhere in the roof.

Counsel for defendant state that they are not contending that the place was obviously dangerous, or even that the roof did not appear safe at the time plaintiff began working under it; and admit that there did not appear to be any immediate danger of the slate falling at that time. They are contending that the place was inherently unsafe, that the plaintiff knew and appreciated that fact; and that the assurance of the foreman on Friday morning that the roof was safe did not extend to and protect plaintiff three days thereafter, when the accident occurred, and did not relieve him of the duty of examining and testing for himself the condition of the roof as the work progressed. It is argued that, notwithstanding the assurance of safety to the plaintiff by the foreman, nevertheless under the circumstances, the plaintiff assumed the risk of working in the place at the time he was injured; that the rule that the servant is relieved from the assumption of risk and of the consequences of his own contributory negligence in continuing to work in a place, he knew to be unsafe, is bound to have some limitation as to the length of time the assurance will continue effective; and that, it being a matter of common knowledge that the condition of the roof of a mine with respect to its safety is constantly changing, one, of plaintiff's experience, was bound to have such knowledge, and the assurance given plaintiff cannot op-

erate to relieve him, for an indefinite and prolonged period of time, of the assumption of the risk of injury while working in such place.

This argument, while possibly sound as a general proposition and applicable under some circumstances, disregards much of the evidence in the case at bar. Plaintiff, at the time of the accident, was not engaged in mining coal in the room or in preparing it as a safe place for such work. He was employed simply to remove from the room the slate that had already fallen therein; and it was the duty of the company, not of the plaintiff, to make and maintain the roof at the place of the accident in a reasonably safe condition for the work plaintiff was then doing according to the testimony of the foreman as well as plaintiff. The foreman also testified that it was his duty to inspect the roof, at least once each day, so as to protect from injury plaintiff and others working thereunder, but that he did not inspect it from the time he ordered plaintiff to go to work there until after the accident. The evidence, therefore, conclusively shows that the plaintiff was under no duty to look out for the safety of the place where he was working, but this duty was upon the defendant; and that it negligently failed to perform it. So, aside from the assurance given to plaintiff, it would seem that there is no escape from the conclusion that the accident resulted from the negligence of the defendant in its failure to exercise ordinary care to furnish him a safe place in which to work, and not from the neglect by the plaintiff of any duty devolving upon him.

Moreover, the proof shows that there was no obvious change in the condition of the roof, from the time of the assurance given to plaintiff to the time of the accident; and that neither plaintiff nor any one else had done anything to change its condition, or to render it more dangerous. Even if we assume, as is insisted by counsel for defendant, that it is a matter of common knowledge that the condition of the roof in a mine is constantly changing, such assumption will not be permitted to overcome the positive testimony that there was no obvious change in the condition of this particular roof; and, unless its condition had changed so as to make the danger obvious, plaintiff, being under no duty to examine or test the roof and having been assured of its safety by the master, did not assume the risks incident to his employment thereunder. The defendant cannot, of course, upon a motion for a peremptory, rely upon the

testimony of its foreman that he warned the plaintiff that he must watch the condition of the roof as the work progressed, because of the denial by plaintiff of such warning, even if defendant could, by such warning, have relieved itself of its admitted duty of inspecting and maintaining the place in a safe condition. Nor is the proof that, when loading out coal, it was the duty of plaintiff to inspect and make safe the roof under which he was working, available to defendant here, as its foreman admitted that the kind of work plaintiff was doing at the time of the accident imposed upon the company, and not upon the plaintiff, the duty of inspecting and maintaining in a safe condition the place where he was working, and that the defendant did not perform either of these duties.

Judgment affirmed.