## London & Provincial Marine & Fire Ins. Co. of London, England, v. Mullins et ux.

(Decided June 12, 1936.)

HORACE W. ROOT for appellant.

EMILE RIVARD for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is the second appeal of this case. See London & Provincial M. & F. Ins. Co. v. Mullins, 253 Ky. 411, 69 S. W. (2d) 735. Appellant issued a policy of fire insurance to D. D. Mullins and wife on July 26, 1927, covering a building they owned in Kenton county, Ky., for a period of five years, in the amount of $4,000. Another policy in another company was issued on the same property in the sum of $1,000, making the total insurance carried on the property $5,000. In August, 1931, the property insured was totally destroyed by fire. An agreement was entered into between the insured and the two insurance companies, fixing the amount of value of the total loss at $4,000, four-fifths of which was paid by the appellant and one-fifth by the other company. It was claimed by the insurance companies that there was a 20 per cent. depreciation in the physical value of the property insured during the four years between the date on which the policies were issued and the date of the loss. Following the settlement above referred to, this action was filed by the insured, seeking to recover the difference between the $3,200 paid by appellant and the $4,000 face of the policy, under the provisions of section 762a-22 of the Kentucky Statutes, known as the "Valued Policy Act." Appellant filed its answer, in which it pleaded that its settlement with the insured came within the proviso of the statute permitting the estimated value of the property insured to be diminished to the extent of any depreciation occurring in the value of the property between the date of the policy and the loss. A demurrer to this answer was sustained, and on the former appeal to this court it was held that the answer stated a good

defense, and the case was reversed, with directions to overrule the demurrer.

On the return of the case to the circuit court, appellees filed a reply, to which a demurrer was sustained. The same treatment was accorded a second reply. A third reply was filed, denying certain allegations of the answer and pleading affirmatively that the settlement between the insured and the company was procured by fraud. A motion made to require appellees to paragraph this reply was sustained, and appellees thereupon filed a fourth reply in two paragraphs. In the first paragraph appellees denied that there was any depreciation in the value of the premises occurring between the issuing of the policies and the time of the fire or that the parties had adjusted their differences as to the amount of depreciation or that appellees had agreed to accept anything less than $4,000, the face of the policy. Appellees likewise denied that they had signed any agreement in further settlement of the claim for less than $4,000. By the second paragraph of their reply, appellees affirmatively pleaded fraud and duress in procuring the alleged settlement. A motion was made to require appellees to elect which paragraph of their reply they would stand on, and this motion was sustained. Thereupon they elected to stand on the second paragraph of their reply, with the result that the denials contained in the first paragraph were excluded, and the case went to trial with the affirmative allegations of the answer undenied.

While the insurance company undoubtedly had the burden of establishing that the estimated value of the property insured had been diminished by physical depreciation between the date of the policy and the date of the loss, this burden was fully met when the parties went to trial with the affirmative allegation that a depreciation of at least $998 had occurred undenied. If this allegation was true, and it was not in issue in the case, the fact that the insurer and insured had entered into an agreement fixing the value of the depreciation at only $800 was entirely immaterial, even though the settlement was procured by misrepresentation. Unless we are to disregard the pleadings entirely, there was no material issue upon which the parties could go to trial. Certainly, before the settlement could be set

aside for fraud, it would have to be shown that the appellees had suffered some pecuniary loss. Here the appellees received more under the settlement than their admission in the pleadings shows that they were entitled to receive. Aside from all questions of fraud, there was no consideration for the settlement if in fact there was no depreciation in the property between the date of the policy and the date of the loss. When the fact of the amount of the depreciation was taken as admitted, there was nothing left to try. It is stated in the brief of appellees that the trial court set aside the order requiring them to elect, but there is nothing in the record to substantiate this statement. Under the circumstances, therefore, with the affirmative allegations of the answer admitted, we have no choice but to reverse the judgment.

Other questions are argued in the briefs, but we do not deem it necessary to consider them at this time.

Judgment reversed.