# London & Provincial Marine & Fire Ins. Co. of London, England, v. Mullins et ux.

(Decided May 28, 1937.)

HORACE W. ROOT for appellant.

EMIL RIVARD for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is the third appeal of this case. See report of the first, London & Provincial Marine & Fire Insurance Company of London, England, v. Mullins et ux., 253 Ky. 411, 69 S. W. (2d) 735; of the second Id., 264 Ky. 780, 95 S. W. (2d) 588, 589.

Reference is made to these reported opinions for a full statement of the issues and questions there

presnted and decided, which are, to a certain extent, yet here involved.

The facts, so far as pertinent to the questions here presented for review, are, as recited in those opinions, briefly that the appellant insurance company issued a policy of fire insurance to D. D. Mullins and Mrs. Sadie Mullins on July 26, 1927, covering a building they owned in Kenton county, Ky., for a period of five years, in the amount of $4,000; also, that a second policy was taken out by them on the same property with the Lafayette Fire Insurance Company of New Orleans in the additional amount of $1,000, making the total insurance carried on the property $5,000.

In August, 1931, it is agreed, the property insured was totally destroyed by fire, while the said policies were in full force and effect.

Thereafter, an agreement was entered into between the insured and the two insurance companies, fixing the amount or value of the total loss at $4,000, four-fifths of which, or $3,200, was paid by appellant, and one-fifth, or $800 by the other company.

In justification of such reduced settlement, made under the "diminishing proviso" of the statute, it was claimed by the two insurance companies that there was a 20 per cent. depreciation in the value of the property insured during the four years intervening between the dates on which the policies were issued in 1927, and the date of the loss in 1931.

Following such claimed settlement of the loss, this action was filed by the insured in the Kenton circuit court, seeking to recover the difference between $3,200, the amount paid by the appellant insurance company, and the $4,000, face value of the policy under the provisions of section 762a-22, Kentucky Statutes, known as the "Valued Policy Act."

Defendant answered, denying any further liability upon the policy, and pleaded that its settlement with the insured, so made, was authorized and came within the proviso of the statute to the effect that "the estimated value of the property insured may be diminished to the extent of any depreciation in the value of the property occurring between the dates of the policy and the loss."

A demurrer to this answer was sustained by the

trial court, which ruling was on the first appeal held to be erroneous, on the ground that the answer stated a good defense, and for which reason the judgment was reversed and the cause remanded, with directions to overrule the demurrer.

On the return of the case to the circuit court, the appellees filed a reply, to which a demurrer was sustained, and, as set out in the opinion given upon the second appeal:

"The same treatment was accorded a second reply. A third reply was filed, denying certain allegations of the answer and pleading affirmatively that the settlement between the insured and the company was procured by fraud. A motion made to require appellees to paragraph this reply was sustained, and appellees thereupon filed a fourth reply in two paragraphs. In the first paragraph appellees denied that there was any depreciation in the value of the premises occurring between the issuing of the policies and the time of the fire or that the parties had adjusted their differences as to the amount of depreciation or that appellees had agreed to accept anything less than $4,000, the face of the policy. Appellees likewise denied that they had signed any agreement in further settlement of the claim for less than $4,000. By the second paragraph of their reply appellees affirmatively pleaded fraud and duress in procuring the alleged settlement. A motion was made to require appellees to elect which paragraph of their reply they would stand on, and this motion was sustained. Thereupon they elect to stand on the second paragraph of their reply, with the result that the denials contained in the first paragraph were excluded, and the case went to trial with the affirmative allegations of the answer undenied."

It was further stated in the opinion that:

"While the insurance company undoubtedly had the burden of establishing that the estimated value of the property insured had been diminished by physical depreciation between the date of the policy and the date of the loss, this burden was fully met when the parties went to trial with the affirmative allegation that a depreciation of at least $998 had

occurred undenied. If this allegation was true, and it was not in issue in the case, the fact that the insurer and insured had entered into an agreement fixing the value of the depreciation at only $800 was entirely immaterial, even though the settlement was procured by misrepresentation. * * * ·Certainly, before the settlement could be set aside for fraud, it would have to be shown that the appellees had suffered some pecuniary loss. Here the appellees received more under the settlement than their admission in the pleadings shows that they were entitled to receive. Aside from all questions of fraud, there was no consideration for the settlement if in fact there was no depreciation in the property between the date of the policy and the date of the loss. When the fact of the amount of the depreciation was taken as admitted, there was nothing left to try. It is stated in the brief of appellees that the trial court set aside the order requiring them to elect, but there is nothing in the record to substantiate this statement. Under the circumstances, therefore, with the affirmative allegations of the answer admitted, we have no choice but to reverse the judgment.''

Upon the following or second return of the case to the circuit court, the plaintiffs filed in open court, over the objection of the defendant, a motion to spread on the order book the order, claimed made by the trial court during its prior trial of the case, whereby it set aside its order of election, and thus reinstate paragraph 1 of their fourth amended reply, expressly denying any depreciation in the value of the insured property. Upon this the court ruled that:

''The motion for nunc pro tunc order setting aside the order of election of October 31, 1935, is overruled.''

To this ruling plaintiffs excepted, and thereupon offered and were, over the appellant's objection, allowed to file a fifth amended reply, which was in its substance and two paragraphs the same as set out in their former fourth amended reply, as to which the prior complained of order of election between its alleged inconsistent defenses respectively set out in its two paragraphs had upon the former trial been made.

On the issues thus made on the third trial before a

jury, there resulted a verdict and judgment for the plaintiffs, awarding them the relief prayed for.

Appellant's motion and grounds for a new trial, containing some eleven assignments of error alleged committed by the trial court, having been overruled, it has appealed, asking a reversal of this last and third judgment for the following reasons: (1) That the court erred in permitting the fifth amended reply to be filed; (2) that the court erred in the assignment of the burden of proof to appellees; (3) that the court erred in refusing to admit competent and relevant evidence offered by appellant; (4) that the court erred in refusing to give a peremptory instruction to find for appellant at the conclusion of appellees' evidence; (5) that the verdict is not sustained by sufficient evidence, and is palpably against the weight of the evidence; and (6) that instruction No. 2 given by the court on its own motion is erroneous, both under the pleadings and the evidence.

Turning now our attention to the consideration and disposition of these several contentions as presented:

By the first, it complains of the court's ruling as erroneous in permitting the fifth amended reply to be filed. As to this, it is to be noted that the plaintiffs' claim that the court had set aside its order made at the previous trial of the case, requiring plaintiffs to elect between the alleged inconsistent defenses set out in their reply, but that such order setting it aside, it appeared, had not been entered upon the order book. To correct this error, they moved that a nunc pro tunc order be entered, spreading it upon the record, to the end that it be made to show that such order of election made was thereafter during the term ordered set aside.

The court, although conceiving it inappropriate to make the moved for nunc pro tunc order and overruling the motion therefor, did thereafter give them the benefit sought by their motion, through permitting the plaintiffs to file their fifth amended reply, whereby they pleaded their denial of the allegation of the answer, that their property had suffered the alleged physical depreciation during the period intervening between the issuing of the insurance upon the property and its later destruction by fire, to the end that plaintiffs might not suffer the injustice of being held to have admitted, through their failure to deny by responsive pleadings, that such depreciation in the value of their property

had taken place, as resulted upon the second appeal from the failure of the record to show the court's order setting aside the order of election.

We do not conceive that such ruling was here erroneous, but rather justified, as relieving plaintiffs against suffering an unfair hardship, by being held to a technical admission upon the pleadings, resulting from the court's order of election, striking, out the reply's denial of the depreciation in the value of their property alleged by defendant, which had been set aside, and therefore did not affect the defendant's substantial rights. Amended pleadings may be filed where the ends of justice require it. Section 134, Civ. Code Prac.; Illinois Cent. R. Co. v. Houchins, 125 Ky. 483, 101 S. W. 924, 31 Ky. Law Rep. 93; Clarke v. Seaton, 18 B. Mon. (57 Ky.) 226. The right to amend after reversal because of defective pleadings is the same as before trial. Schrodt's Ex'r v. Schrodt, 189 Ky. 457, 459, 225 S. W. 151.

The court is authorized to avert, where it can (as here, we conceive), the visitation of hardship upon a litigant resulting from a failure of the record, attributable to the error of another, to show the rulings of the court which would avert it, by permitting, under the liberal amendatory provisions of the Code and cases cited, supra, the filing of amended pleadings, effective to avoid such otherwise resulting miscarriage of justice.

To such effect was it held, in order to avert a somewhat similar instance of hardship befalling the plaintiff in the case of Harris et al. v. Doughitt, 141 Ky. 645, 133 S. W. 550, 551.

There, in a suit on a note given for a part of the purchase price of two horses, the answer alleged a breach of warranty and damages and that for a portion of the price, defendants had traded to plaintiff a horse of the value of $100 for which amount judgment was asked. Judgment went for plaintiff. Defendant Harris appealed. The court, in there considering the question presented, said:

"In this case the only damages sought to be recovered by the appellant Harris is the value of the mare exchanged for appellee's two horses, which value, it was alleged in the answer and counterclaim, the parties themselves fixed at $100;

and as the facts alleged in respect to the breach of warranty show an implied promise on the part of appellee to repay plaintiff the value of the mare, in view of the failure of the latter to deny these allegations, proof was necessary as to such damage. Therefore, upon the undenied averments of the answer and counterclaim, appellant Harris should have been given judgment for the value of the mare.

"We are satisfied from the statements of the brief of appellee's counsel that they are under the impression that the answer and counterclaim was controverted of record, but this is not shown by the record. Before another trial of the case appellee may be permitted to file a reply, or enter of record an order controverting the affirmative averments of the answer and counterclaim."

Next considering the objection made to the court's ruling in assigning the burden of proof to appellees: It may be conceded that, as held on the second appeal, the appellant insurance company had the burden of establishing in the original action that the value of plaintiffs' insured property had been diminished by physical depreciation, between the date it was insured and its later loss by fire, to the extent of $800. However, it is further to be noted that this action was brought to recover this $800, claimed wrongfully deducted "from the estimated value of the insured property," as representing the amount of its diminished value, due to its alleged physical depreciation occurring between the date it was insured and the date of its loss by fire, and that plaintiffs pleaded and contended that insurer was without right to make the reduction, for the reason that there had been no physical depreciation of the property (as was denied) and also pleaded that the agreed settlement of the parties, allowing a $800 credit reduction, as for an agreed depreciation, was not a binding or valid adjustment of plaintiffs' claim upon the policy, for the reason that the agreement of the plaintiffs thereto was obtained through the fraud and duress of the defendant.

Section 526, Civil Code of Practice, provides that the burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side.

Further, in construing this section, we have held that in the trial of a cause presenting several issues, which if tried singly, would shift the burden, the court has a large discretion in prescribing the order of proof or in assigning the burden of proof and that, in determining this the whole case must be looked to. Andrews v. Hayden's Adm'r, 88 Ky. 455, 11 S. W. 428, 10 Ky. Law Rep. 1049; Mattingly v. Shortell, 120 Ky. 52, 85 S. W. 215, 27 Ky. Law Rep. 426, 8 Ann. Cas. 1134.

Here the plaintiffs admitted making the pleaded adjusted settlement of their insurance claim, as agreeing that a $998 depreciation had occurred in the estimated value of their property, but sought to avoid its binding effect, upon the ground pleaded for its recission that it was procured from plaintiffs by fraud.

To maintain this action seeking recovery of this amount deducted from the estimated property value, the burden of proof rested upon the plaintiffs pleading fraud in its obtention; fraud alleged in defendant's obtention of the settlement agreement had to be established as a condition of recovery.

The situation here being thus one where the plaintiffs would be defeated if no evidence were given, it would appear the court's ruling upon this question was one well resting within its discretion and authority, conferred by section 526, Civil Code of Practice, supra.

Such being the issues joined, both upon the question of what, if any, had been the depreciation in the value of the property and also as to whether or not defendant had obtained the settlement agreement by fraud, we conclude that the trial court did not err in assigning to plaintiffs the burden of proof, as being the party who would be defeated in the whole action, under the provisions of section 526, supra, "if no proof were given by either side."

The next objection complains of the court's refusing to admit "certain competent and relevant testimony offered by its witness as shown by its avowal." Looking to the transcript to ascertain to just what particular testimony, as "shown by the avowal," this complaint has reference, we find it is directed to the court's ruling upon the following questions asked by appellant of its agent, witness:

"Q. I will ask you if, in your judgment or

opinion there was any depreciation in the value of the Mullins property between July, 1927, and July or August, 1931. A period of four years. A. I always take this attitude—any house depreciates if it is only up a month.

"Q. How much would you say that house depreciated in that time? A. The physical depreciation, I would say, would be 15 to 20%. Of course the market went down more than that.

"Q. You speak of physical depreciation, leave that 'physical' out and state what, in your opinion, the depreciation in the value of the house was from the time the policy issued in 1927 and the fire in 1931. (Objection. Sustained. Exception.)

"The Court: That is not a proper criterion.

"Avowal: Mr. Root asked the witness to answer privately, to the stenographer.

"A. 35% to 45%."

The "diminishing proviso" of the "valued policy" statute, providing for a reduction of liability under the policy to the extent of any depreciation in the estimated value of the property, occurring during its insurance period we have definitely and repeatedly construed as only embracing and as exclusively confined in its meaning and scope to a physical depreciation of the property. No witness for appellant was able to testify as to any definite estimate of the amount, if any, of actual physical depreciation of the property destroyed by fire, for the reason, it appears, that no one of those attempting to testify on this subject was possessed of any factual or personal information required to make a definite estimate, as they had neither inspected nor even seen the property during the period intervening between its being insured and its later loss by fire. One witness only confined the statutory depreciation in its meaning and scope to a physical depreciation coming within a certain per cent., but as to this, he but guessed or only conjectured upon the theory that depreciation would result in the value of property by reason of any lapse of time, however brief, but without graduating its amount according to extent of time or attempting to appraise in any definite amount the depreciation here alleged suffered by this property.

The next objection complains of the court's having

erred in refusing to give it a peremptory instruction. To such contention it is sufficient to say that in view of the nature and amount of the testimony given for plaintiffs, it cannot be sustained, and is clearly frivolous, in that issue was here joined upon the question of the fact and amount of physical depreciation of the insured property, the proof of which rested on appellant, if its pleaded settlement of it were avoided for fraud employed in its obtention. The plaintiff denied that such depreciation existed, while the defendant sought to establish it only by the vague and purely speculative opinions of its witnesses, unsupported and not based upon any inspection made of the property, and also, abandoning the real issue, sought to defeat the appellants' recovery of the policy's estimated value of the property, not by a showing made as to physical depreciation of the property in any amount, but that a reduction for diminished value of the property was sought rather upon the ground that the property had been overinsured, in view of its later depreciation in value, due to and based on the 1929 depression. Plaintiffs' evidence, on the other hand, attacking the pleaded settlement, was that appellant had procured the settlement agreement from plaintiffs, as later testified, through fraudulently telling them that the state fire marshal had said their property was overinsured and that plaintiffs had believed if such public official had so declared, they would be bound to reduce their claim of loss in conformity therewith.

Answering further appellant's insistence that it was entitled to a peremptory instruction the applicable rule announced by this court for the determination of the right of the defendant to a directed verdict is that plaintiff's testimony must be accepted as true and that he is to be given the benefit of all legitimate inferences in his favor to be drawn therefrom with the result that if any evidence of substantial and probative character is presented, the issue so raised, is for the jury. Board v. Chesapeake & O. Ry. Co., 70 S. W. 625, 24 Ky. Law Rep. 1079. A motion for a peremptory instruction, being in the nature of a demurrer, tests the sufficiency of the petition to state a cause of action, as well as the sufficiency of the evidence, which it concedes to be true. Stevenson v. Yates, 183 Ky. 196, 208 S. W. 820; Horton v. Louisville & N. R. Co., 199 Ky. 279, 250 S. W. 983; Goins v. North Jellico Coal Co., 140 Ky. 323, 131 S. W.

28; Consolidation Coal Company v. Spencer, 177 Ky. 626, 197 S. W. 1069.

Certainly, in view of such showing made by the evidence of the plaintiffs on the one hand, of which on such motion they must have the benefit, as well as giving them too the benefit of the defendant's evidence or of the failure of any showing by defendant of physical depreciation on the other, the latter's contention that it was entitled to a directed verdict, when tested and measured by such rules, is not to be seriously taken nor considered. Chicago, St. L. & N. O. R. Co. v. Armstrong's Adm'r, 168 Ky. 104, 181 S. W. 957.

The final complaint made, that the verdict is not sustained by sufficient evidence, likewise cannot be sustained, for the reason, clearly appearing from the discussion above given, that the physical depreciation in the value of plaintiffs' property claimed by defendant was not supported by such character of evidence tending to establish it as entitled defendant to the $800 reduction made therefor in its payment of the insurance policy, as well as for the reason that the evidence adduced by plaintiffs was of such weight and credibility as amply supported their contention that such pleaded compromise adjustment had been obtained of them by fraudulent representations made them by the insurance company or its agent, which they believed, and by which they were deceived to their hurt by being led to sign the agreement.

Further, we are of the opinion that the instructions as given by the court, and criticized by the appellant, are not properly subject thereto, for the reason that even if perhaps too fulsome in detail and prolix in style, they yet served very adequately to submit with reasonable clearness and propriety to the jury the applicable law of the case.

For such reasons, it is our conclusion that the judgment should be, and it is, affirmed.