## Dorton v. Ashland Oil & Refining Co.

October 22, 1946.

Rehearing denied December 6, 1946.

Howes & Walker for appellant.

McDonald & McDonald, Wells & Wells, and S. M. Burnam for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—
Affirming.

The case of Ashland Oil & Refining Co. v. Dorton, 300 Ky. 385, 189 S. W. 2d 394, presents a full discussion of the controversy between the parties to this appeal. In that case Dorton predicated his cause of action upon the express terms of an alleged contract under which he permitted the Company to use a device he had invented for repressuring oil wells. The contract, which was signed only by Dorton, recited no consideration and, on its face, tended to show it was only a license to permit the Company to use his invention. He offered proof, however, to show that in exchange for the use of the device the Company had agreed to furnish him lifetime employment, but that it failed to do so. We reversed a $20,000 judgment in his favor and said the Company's motion for a directed verdict should have been sustained because Dorton failed completely to show he had been promised monetary compensation for the license, or that he had sustained any damage by reason of his alleged wrongful discharge. The opinion sets forth also that the proof was to the effect the invention was perfected and utilized under circumstances which would entitle the Company to "shop rights," that is, the right to use the invention in its business without the payment of royalties, since it had been perfected while Dorton was in the employ of the Company. Among other things the final paragraph of the opinion recited that the judgment was reversed for proceedings consistent therewith. After the mandate was filed in the lower court, Dorton tendered an amended petition predicated upon an implied contract, but a special judge refused to permit it to be filed because it was his view that our opinion on the first appeal was conclusive.

On this appeal Dorton is insisting that he had a right to amend his cause of action; he properly alleged an implied agreement; and, in any event, the opinion on the first appeal is wrong and should be taken back, even though this requires our departure from the law-of-the-case rule.

On the other hand the Company insists the first opinion was conclusive, and therefore it was proper for the special judge to refuse to permit the amendment to be filed. It relies upon the case of Pieck v. Carran, 289 Ky. 110, 157 S. W. 2d 744. We do not think, however,

that case is controlling here. Dorton's case was a straight-out common law action, and it is our rule, generally, when such an action is reversed to remand it for proceedings consistent with the opinion. This would warrant the filing of amended pleadings and the presentation of evidence in support thereof. On the other hand, when we reverse a judgment in an equity proceeding we usually direct the entry of a judgment consistent with the opinion, or in some special cases, direct the taking of additional proof. An examination of the first opinion in Pieck v. Carran, 271 Ky. 32, 111 S. W. 2d 440, shows the cause was transferred to the equity docket by agreement of the parties. We think, therefore, that Dorton had a right to amend his pleadings, but the question immediately before us is, did the tendered amendment inject anything new into the case? We have analyzed it carefully and do not think it did.

Express and implied contracts are discussed in 12 Am. Jur., Contracts, sections 4 and 5, pp. 498, 500. An express contract is one wherein all the terms and conditions between the parties are set forth while in an implied contract some one or more of the terms or conditions are implied from the conduct of the parties. The former speaks for itself, while a contract implied in fact is one inferred from the circumstances or acts of the parties. In the tendered amendment Dorton set forth in substance that he delivered his invention to the Company and permitted its installation and use ''with the mutual understanding and agreement between said plaintiff and defendant that the defendant would compensate the planitiff for the installation and use thereof, according to the fair and reasonable value thereof.'' It is further set forth that this condition created an implied promise on the part of the Company to compensate Dorton, but the wording is to the contrary because it is charged that the mutual understanding and agreement of the parties was that Dorton would be compensated. Furthermore, the amendment contains this paragraph:

''Plaintiff further states that the subject matter and essential allegations of said original and prior amended petitions and of this amendment are identical.''

This wording can mean only one thing, namely, the allegations of the tendered amendment and those of the original and prior amended petitions are the same, and we think they are. The only difference we find between

them is that in the first instance the alleged compensation was life. employment, whereas in the last amendment the sum of $12,000 was sought as compensation. In other respects the basic facts are the same.

We have noted that in the case of an implied contract some one or more of the terms and conditions are to be implied from the circumstances or conduct of the parties. In the case at bar it strikes us that the implication refutes rather than favors a contractual relationship between Dorton and the Company. We say this because of what was said in the first opinion about "shop rights." An examination of the authorities cited in that opinion on this question, including 35 Am. Jur., Master and Servant, section 95, will show that the inference is that the employer has the right to use an invention of its employee in its business without the payment of royalties.

This brings us to the contention that our first opinion is wrong, and, since there has been no final determination of the cause, we should disregard the law-of-the-case rule and affirm the first judgment. Our answer to this contention is two-fold: first, we do not think our former opinion is wrong; and, second, we have no disposition at this time to depart from our adherence to the law-of-the-case rule.

It follows, therefore, that we think the judgment should be and it is affirmed.