# Wall v. Gill.

November 29, 1949.

Rehearing denied January 31, 1950.

Robert Bibb Hardison, Roy F. Mouser, and Guy C. Shearer, for appellant.

Jones and Jones for appellee.

JUDGE CAMMACK—Reversing.

The appellant conducts a college of beauty culture where instruction is offered to those desiring to become beauticians. It is after a successful completion of the course at such a college and the passing of the examination required by the State that a person qualifies as a beautician. In order that the students in these schools may receive practical experience, they are permitted to serve the public before they are licensed. According to the rules and regulations of the Kentucky State Board of Barber and Beautician Examiners, a school is not permitted to perform services for the public for a profit. The prices charged are limited to the costs of materials and supplies and are regulated by the Board. A regulation of the Board prohibits a registered beautician from rendering regular operator services in the schools and

limits their services to those incident to and for the purpose of instruction. The Board also requires signs to be displayed in the beauty school reading: "School of Beauty Culture—Work Done Exclusively by Students." Students must wear some insignia identifying them as such.

The appellee went to the school of the appellant to get a permanent wave. This work was performed by a student at the price prescribed by the State Board. The appellee testified that on two occasions she complained to the student that she was being burned and that he attempted to adjust the wave units. Thereafter she developed a severe head burn. Medical testimony was introduced to substantiate the appellee's claim of injury. The student operator and the proprietor deny that the burn, if any, was occasioned by the negligent manner in which the treatment was given. However, negligence does not become an issue in the case in view of our theory of it.

The controlling questions are whether a patron of a beauty college assumes the risk of injury; and whether the relationship between the operator of the college and a student is one which would impose vicarious liability. No case has been cited nor do we find one directly in point. In Massa v. Wanamaker Academy of Beauty Culture, Inc., City Ct., 80 N. Y. S. 2d 923, the trial court instructed the jury to find for the defendant beauty school, if it believed the work on the injured plaintiff was performed by a student. In that case, however, there was a release signed by the patron exempting the school from liability resulting from injuries sustained from the work of the student. In the statement of facts, the court said:

"* * * In this connection, and in order to give its students actual experience in the field, the defendant, in its school, permits the public to submit themselves to students of the school, at the risk of the subject, with knowledge that the student is not a graduate beautician and liable to errors and mistakes. * * *"

The appellant argues that the relationship was not one which would render the instructor liable for the negligence of the pupil. Instead it is urged that, under the existing law, such a student is classified as one not

yet competent to engage in the practice of beauty culture and that a patron who accepts his services at a reduced cost assumes the risk arising out of such inexperience. The negligence alleged in the petition was not that of insufficient or improper instruction or supervision, but rather that the operation was negligently performed. In response to the appellant's contention, the appellee urges that, since the student was under the control of the operator of the school, he was a servant of the operator and therefore liability should attach.

It seems to us that under the facts of this case the appellee assumed the risk of the student operator's inexperience. This risk can not be confined to less professional hair styling, but must include all the dangers which might result from treatment by one who is not yet qualified. Having assumed the risk, the patron can not then impose liability on another.

Nor do we believe that the relationship here is of the nature that imposes vicarious liability. The school instructs the pupil in the art of beauty culture, for which it receives a fee. As a part of his schooling the student performs services for the public, but the school receives no profit therefrom. In the case of Miller v. Garford Laboratories, 172 Misc. 567, 16 N. Y. S. 2d 279, it was held that the students of a beauty school which received a profit for their services were employees within the meaning of the workmen's compensation law. The opinion recognized, however, that a person could be an employee for the purposes of the compensation law and not occupy that relation within the meaning of the law of negligence. In the instant case we have not only a tort claim but also a situation in which the students' services do not result in the pecuniary gain of the school. Under the circumstances, the school is not liable for the negligence of its students.

The judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.