## GILL v. WALL.

Court of Appeals of Kentucky.

May 4, 1951.

J. W. Jones, Louisville, for appellant.

Guy C. Shearer, Robert B. Hardison, and Roy F. Mouser, all of Louisville, for appellee.

SIMS, Justice.

This is a second appeal and the former opinion, Wall v. Gill, 311 Ky. 796, 225 S.W. 2d 670, 14 A.L.R.2d 857, contains the facts and a full discussion of the law applicable thereto. Upon the return of the case plaintiff tendered an amended petition which the court refused to let be filed. The sole question now before us is whether it was error to deny plaintiff the right to file this amendment.

We give in substance the pleadings of the parties. The original petition averred "that the defendant by and through her said servant and agent was negligent in giving to the plaintiff a permanent wave," and as a direct result thereof, plaintiff's scalp was burned. The answer denied the operator who served plaintiff was an agent or servant of defendant and averred he was a student in defendant's school, who was permitted to serve plaintiff as part of his training, which fact was known to plaintiff who assumed the risk of having a student operator serve her; that plaintiff obtained the services of the student operator at a greatly reduced price, no part of which was received by defendant, but all was applied to pay for supplies, materials, etc., used by students in doing such work.

In reversing the judgment of $544 plaintiff recovered against defendant, we said in the former opinion that plaintiff assumed the risk of having a student operator serve her at a reduced price, and that no relationship existed between defendant and the student operator which would impose vicarious liability upon the former for the negligence of the latter.

On return of the case plaintiff filed an amended petition which averred it was the duty of defendant to use ordinary care for plaintiff's safety "by exercising reasonably safe supervision over Robert Beckham (the student operator) while he gave the plaintiff a permanent wave as mentioned in the original petition; that the defendant negligently failed to exercise or furnish supervision, and as a direct and proximate result of defendant's said negligence plaintiff was injured and damaged as alleged in her original petition".

The rule seems to be that under § 134 of the Civil Code of Practice when a case goes back from this court for a new trial the situation of the parties is the same as if the trial court had granted a new trial, subject to such directions as this court may give concerning the manner in which the case is to be retried. But the right to permit new issues to be brought into the case when sent back for a new trial should not be extended to the party who succeeds in securing the reversal, unless it appears that the new issue could not be put into the case by reasonable diligence on her part on the first trial. Schrodt's Ex'r v. Schrodt, 189 Ky. 457, 225 S.W. 151, 153. The rule is not quite as broad as London & Provincial Marine & Fire Ins. Co. of London, England v. Mullins, 268 Ky. 814, 105 S.W.2d 1057, states on page 1060: "The right to amend after reversal because of defective pleadings is the same as before trial". The Schrodt case gives an exhaustive discussion of the question.

Section 134 of the Civil Code permits the court in the furtherance of justice to allow an amended pleading to be filed. This section does not permit the losing party on an appeal to change her cause of action after the case is remanded. However, plaintiff in the instant case did not change her cause of action, which was that her head was burned through the negligence of defendant, her agent and servant. The fact that the original petition predicated negligence on the part of the operator while the amendment predicated negligence on the part of defendant in not supervising the operator, did not change the cause of action. Smith v. Bogenschultz, 19 S.W. 667, 20 S.W. 390, 14 Ky.Law Rep. 305.

The first opinion expressly states there was no relationship of master and servant, or of agency, existing between the student operator and defendant. That opinion is the law of the case on this point. The amended petition "reiterates and reaffirms each allegation contained in her original petition", which pleading charged the student operator was defendant's agent and servant, and then the amendment avers defendant negligently failed to use ordi-

nary care in supervising the student operator.

As there was no relationship of agency or master and servant between the student operator and defendant, the averments in the amendment that defendant was negligent in not supervising the student operator did not charge defendant with a breach of duty, since there was no obligation upon her to supervise the student operator. The amendment avers facts which the first opinion stated did not impose vicarious liability upon defendant. Therefore, the court did not err in refusing to permit it to be filed. See Dorton v. Ashland Oil & Refining Co., 303 Ky. 279, 197 S.W.2d 274.

The judgment is affirmed.