### SOCIETY OF ALUMNI OF LOUISVILLE MALE HIGH SCHOOL, Inc. v. BOARD OF EDUCATION OF LOUISVILLE.

Court of Appeals of Kentucky.
March 21, 1952.

Henry L. Brooks, J. B. Young and Martin J. Duffy, Jr., all of Louisville, for appellant.

William T. Baskett, Lawrence S. Grauman, Louisville, for appellee.

CAMMACK, Chief Justice.

In January, 1950, the appellant in this action, Society of the Alumni of the Louisville Male High School, instituted a declaratory judgment proceeding wherein it challenged the right of the Board of Education of Louisville to institute a program of coeducation in the Louisville Male High School. The challenge was based upon a provision in the deed to the land on which the school plant is located specifying that the property could be used only for the

benefit of Louisville Male High School and the white male pupils thereof. The Society contributed $25,000 toward the purchase of the school lot. In consideration of this contribution the School Board allowed the Society to be made a third party to the deed which contains the aforementioned provision. In the original proceeding the Society's demurrer to the School Board's answer was sustained and the covenant in the deed was upheld. We reversed that judgment in Board of Education of Louisville, Ky. v. Society of Alumni of Louisville Male High School, Inc., Ky., 239 S.W.2d 931, 935, and held that the covenant was void because it constituted an attempted ceding away of its governmental powers by the School Board. We concluded the opinion by saying: " * * * The rights of the Male Alumni, if any, to recover the amount contributed by it on the purchase price of the school lot in 1909, are not before us for determination at this time."

Counsel for the Society asked us to direct that the judgment be reversed for proceedings consistent with the opinion because the sustaining of their demurrer to the School Board's answer originally had made it unnecessary for them to reply.

On July 10, 1951, an order was entered filing the mandate and judgment was entered in accordance therewith. That judgment contained this provision: "3. That so much of plaintiff's petition as seeks an injunction from converting the premises herein described for use as a coeducational high school and from using said premises for any purpose other than the exclusive use and benefit of the Louisville Male High School and the male white pupils thereof, is hereby dismissed; * * *."

On September 7th, counsel for the Society moved the court to set aside the order of July 10th. This motion was overruled. On the same day the Society filed an amended petition wherein the allegations of the original petition were reaffirmed and it was asserted that, in the event a final judgment be rendered adjudging the covenant in the deed void, the Society be permitted to recover the $25,000 with six per cent interest from March 16, 1909. The School Board filed a special demurrer to the amended petition. Subsequently, this special demurrer was overruled. The Society was granted an appeal from the order of July 10th and also from the order refusing to set aside the judgment entered on that date. This appeal was filed October 30, 1951.

■ The School Board contends vigorously that the appeal should be dismissed because it was filed too late. On the other hand, the Society is equally strong in its insistence that the order of July 10th was entered prematurely. We have reached the conclusion that the case as it now stands should be disposed of on its merits. The only question remaining in the case is the right of the Society of the Alumni to litigate the question as to the recovery of the $25,000 which was contributed to the purchase price of the school lot. This question is presented in the record now before us. The opinion in Board of Education of Louisville, Kentucky v. Society of Alumni of Louisville Male High School, Ky., 239 S.W.2d 931, is the law of the case, insofar as the validity of the covenant is concerned. Dorton v. Ashland Oil & Refining Co., 303 Ky. 279, 197 S.W.2d 274; Pieck v. Carran, 289 Ky. 110, 157 S.W.2d 744.

■ Under Section 639a-1 of the Civil Code of Practice, the Society could have asked for the recovery of the money as well as for a declaration of rights on the covenant in the deed. We know of no reason why that question could not be raised by amended pleading, especially in view of the statements made by us at the conclusion of the first opinion. Section 639a-4 of the Civil Code of Practice specifically provides for such a procedure. See Schwartz Amusement Co. v. Independent Order of Odd Fellows, Howard Lodge, 278 Ky. 563, 128 S.W.2d 965.

As we view the case, the rulings of the lower court which are under attack preclude the Society from litigating further questions concerning the validity of the covenant in the deed. We so construe the part of the judgment heretofore quoted. It follows that the question as to the recovery of the $25,000, with interest from March 16, 1909, still may be litigated.

Judgment affirmed as construed herein.