BERTHA KLIGMAN, PLAINTIFF-RESPONDENT, v. WILFRED COMPANY OF NEWARK, INC., DEFENDANT-APPELLANT, AND BONAT, INC., DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 3, 1966—Decided July 18, 1966.

Before Judges GAULKIN, LABRECQUE and BROWN.

*Mr. Stanley M. Teich* argued the cause for defendant-appellant (*Messrs. Harkavy and Lieb,* attorneys).

*Mr. David J. Meshulam* argued the cause for plaintiff-respondent.

*Mr. Jay M. Liebman* argued the cause for defendant-respondent (*Messrs. Schneider & Morgan,* attorneys).

PER CURIAM. Plaintiff recovered judgment upon a verdict against Wilfred Company of Newark, Inc. (hereafter Wilfred) for injury sustained as a result of a "permanent wave" treatment, and Wilfred appeals.

In *Hewitt v. Hollahan,* 56 *N. J. Super.* 372, 377 (*App. Div.* 1959) we said:

"From time to time we have been compelled to point out that imprecise pleadings often lead to error. *Cf. State v. Arbus,* 54 *N. J. Super.* 76 (*App. Div.* 1959) ; *Board of Education, Woodbridge Tp. v. Kane Acoustical Co.,* 51 *N. J. Super.* 319 (*App. Div.* 1958). The reason for this must be fairly obvious. A vague complaint, full of generalities, frequently indicates that the pleader has not thought through his cause of action, and does not yet know precisely upon what theory he will present his case. Consequently, unless he learns more about his case before he comes to trial, he may come without the evidence necessary to support the only theory upon which he can prevail.

A vague pleading in turn tends to confuse the adversary and the court. The defendant may understand plaintiff's pleading differently than the plaintiff does himself, while the court may make even a third interpretation of it."

Transposing the parties in the above quotation, it applies to the case at bar.

Plaintiff's complaint and amended complaint charged that Wilfred operated "a ladies barber shop and beauty parlor * * * for hire * * *"; plaintiff was a patron, paid for service and defendant's "agent, servant and/or employee performed the said work in so negligent, careless and dangerous a manner and used such procedures and lotions or liquids and preparations which were of a dangerous and unsafe character and/or so negligently and carelessly used that the plaintiff sustained * * * injuries * * *." The "agent, servant or employee" was not joined. Wilfred cross-claimed against Bonat, the manufacturer of the lotion, for breach of warranty of the lotion's fitness for use upon the head, whereupon plaintiff amended her complaint to make the same claim upon Bonat, but the trial court found the evidence insufficient to support those claims and entered judgment in favor of Bonat. Wilfred appeals from that dismissal also.

Wilfred's first answer was a general denial. It then amended its answer to say it "admits that it was the operator of a school for training of beauty parlor personnel." But plaintiff had not alleged that Wilfred operated a school! Wilfred denied the remaining allegations of the complaint, and pleaded the following separate defenses: (1) it had violated no duty owed to plaintiff and was guilty of no negligence; (2) the accident and injuries alleged were caused solely by the negligence of plaintiff; (3) plaintiff was guilty of contributory negligence; (4) she was guilty of assumption of risk; (5) the occurrence alleged in the complaint was unavoidable insofar as defendant is concerned, and (6) prior to receiving any services from defendant, plaintiff executed in writing a release absolving defendant from any damages and hence it is not liable to plaintiff.

The trial judge treated the case as the usual action by a patron against a beauty parlor for the negligence and malpractice of its employee, and the case was submitted to the jury on that theory.

Since defendant claimed the release was executed before service was rendered, the judge ruled it was against public policy and void. *McCarthy v. National Ass'n for Stock Car Auto Racing, Inc.,* 90 *N. J. Super.* 574 (*App. Div.* 1966), affirming 87 *N. J. Super.* 442 (*Law Div.* 1965), certification granted 47 *N. J.* 421 (1966). See also Annotation, 6 *A. L. R.* 3d 704 (1966). Note, however, that if plaintiff executed the release after the injury, as she herself testified, it may be valid if she was aware of the nature of the document she was signing. *Raroha v. Earle Finance Corp.,* 47 *N. J.* 229 (1966).

But, at the trial defendant argued, albeit far from clearly, that Wilfred was a school, that plaintiff knew it, and that the so-called release was admissible because she signed it, and it provided (emphasis ours) :

"In consideration of the free or reduced services rendered by Wilfred Company of Newark, Inc. I hereby release and absolve the said company from any and all claims or liabilities arising, or which may arise from any negligent or careless operation on the part of any of its operators or teachers or from any lack of skill on their part, *it having been first represented to me that the said operators are students of the beauty school conducted by the said company*."

Wilfred offered to prove all of the foregoing, but the offer was rejected. We hold that this was error.

Wilfred apparently is licensed as a school of beauty culture under *N. J. S. A.* 45:4A–5 *et seq.* At the time in question *N. J. S. A.* 45:4A–11 provided:

"No school of beauty culture shall permit its students to practice beauty culture on the public under any circumstances except by way of clinical work, and not until such students shall have at least five hundred hours of training, upon persons willing to submit themselves to such practice, after having been first properly informed that the operator is a student. * * *"

(The statute has since been amended to require 600 hours.)

The "release" was admissible to show that, in compliance with the statute, Wilfred had informed plaintiff that the operator was a student before plaintiff was served. Defendant

also should have been permitted to introduce any other evidence it had to prove that plaintiff knew that the operator was a student before plaintiff was served.

If Wilfred did not derive pecuniary profit from the work of its students (and the burden of proof is on it) and the particular student had at least 500 hours of training, the school was not liable merely because, through no fault of its own, the student was negligent or lacked skill. Ordinary concepts of agency and *respondeat superior* do not apply to such a situation. Of course, the school may be liable for its own acts or omissions, or the acts or negligence of its supervisors, agents or employees. Compare *Wall v. Gill,* 311 *Ky.* 796, 225 *S. W.* 2d 670, 14 *A. L. R.* 2d 857 (*Ct. App.* 1949), with *Massa v. Wanamaker Academy of Beauty Culture, Inc.,* 80 *N. Y. S.* 2d 923 (*N. Y. City Ct.* 1948). *Cf. Miller v. Garford Labs., Inc.,* 172 *Misc.* 567, 16 *N. Y. S.* 2d 279 (*N. Y. C. Mun. Ct.* 1939), affirmed 262 *App. Div.* 838, 29 *N. Y. S.* 2d 507 (*App. Div.* 1941), appeal dismissed 288 *N. Y.* 733, 43 *N. E.* 2d 353 (*Ct. App.* 1942), affirmed 289 *N. Y.* 715, 46 *N. E.* 2d 343 (*Ct. App.* 1942). But a student is not necessarily an agent or employee.

[5] Furthermore, even if the school failed to prove that the student was not its agent, the proffered evidence would be admissible to show that plaintiff knew the operator was a student, for, in that case, the jury would have to assess the operator's negligence (and the vicarious liability of the school), not on the standard of care to be expected from a full-fledged operator but on that to be expected from a 500-hour student.

We perceive no error in the entry of judgment in favor of Bonat, and that judgment is affirmed. The judgment in favor of plaintiff against Wilfred is reversed and as to it the case is remanded for a new trial. No costs.