## Connecticut Fire Ins. Co. of Hartford, Conn., v. Baker.

May 5, 1939.

FRANK M. DRAKE and WILLIAMS & DENNY for appellant.

H. J. McCLURE, J. J. FELTON and W. F. BAKER in pro. per. for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Rock-castle Circuit Court based on the verdict of a jury in favor of the appellee, W. F. Baker, and against the appellant, the Connecticut Fire Insurance Company of Hartford, Connecticut. It is alleged in the petition that, on or about June 19, 1936, the appellant, through its agent, U. K. Martin, issued a policy of fire insurance in the sum of $1,000 on appellee's residence and storeroom in the city of Mount Vernon. Appellant denied the issuance of the policy and denied that U. K. Martin was its agent at any time prior to November, 1936. This was the only issue submitted to the jury at the trial. It appears that appellee suffered a loss by fire to his residence and storeroom on June 5, 1937, and it is not contended that the full amount of the policy is not payable if it was in force at the time. Appellant argues simply that it was entitled to a directed verdict in its favor at the close of all the evidence.

Appellee testified that he purchased a policy of insurance from U. K. Martin on June 16, 1936, and that the policy was issued to him by Martin as agent of the Connecticut Fire Insurance Company on that date. Over objection by appellant, appellee testified that Martin stated that he was connected with the Connecticut Fire Insurance Company. Appellee admitted filing a claim for $2,000 under a policy in another company covering the same premises in which he stated that there was no other insurance on the property. He undertook to explain this statement by saying that, at the time when he filed the claim, he understood that the policy here involved had been canceled.

Appellee's bookkeeper, who was the only other witness introduced in his behalf, testified that Martin delivered the policy to appellee on or about June 16, 1936. He says that appelle told him to give Martin a check for it "and so he said to credit his account— he said just credit his account." This witness produced a page in a loose-leaf ledger on which he says he entered the alleged credit. This sheet purports to cover

the account of U. K. Martin, and contains an item under date of June 19, 1936, "Credit by insurance: $18.00." It appears from the policy itself that the premium thereon was $21.20.

Appellant introduced the evidence of its agency superintendent who testified that the company had no agent in Mount Vernon, Kentucky, prior to November, 1936. He filed, with his testimony, the original report of Martin's appointment as agent, dated November 12, 1936, and the original agency contract and bond bearing the same date. He likewise filed a canceled check made payable to the Insurance Commissioner of Kentucky, dated November 20, 1936, in the sum of $3 and marked to be in payment of agent's license for U. K. Martin. This witness testified that U. K. Martin had no previous connection with the company. The state examiner testified to the same facts, as did also the Vice-President of the insurance company having supervision of the appointment of agents.

The Director of Insurance of the Commonwealth testified, "that on the 23rd day of November, 1936, a license was issued to U. K. Martin, of Mt. Vernon, Kentucky, to act as agent of the Connecticut Fire Insurance Company, of Hartford, Connecticut, and the said license was not a renewal license of one previously issued, but was the first license issued to said Martin as agent for said Company."

R. J. Martin testified that he was the state agent for the insurance company and that he had appointed U. K. Martin as an agent on November 12, 1936; and that U. K. Martin was not an agent of the Connecticut Fire Insurance Company in June, 1936. He testified that on May 27, 1937, he closed the agency of U. K. Martin and discovered for the first time that the policy here involved had been issued. He immediately directed Martin to go and get the policy from appellee, which he did.

In the Restatement of the Law of Agency, Section 285, it is said:

"Evidence of a statement by an agent concerning the existence or extent of his authority is not admissible against the principal to prove its existence or extent, unless it appears by other evidence that the making of such statement was within the authority of the agent, or, as to persons dealing with

the agent, within the apparent authority or other power of the agent.''

Admissions of an agent in pais are admissible against his principal only because he is an agent. It follows, of course, that the fact of agency itself cannot be proved by such admissions. There was no competent evidence in the case at bar to show that U. K. Martin was an agent of appellant at the time when the purported contract was made. The mere admissions to which appellee testified over objection were evidence of nothing. There was a total failure to prove agency and this was an essential link in the appellee's case. It follows that the trial court should have sustained appellant's motion for a peremptory instruction in its favor. All other questions are reserved.

Judgment reversed.