# Connecticut Fire Ins. of Hartford, Conn., v. Baker.

May 23, 1941.

Frank M. Drake and E. R. Denney for appellant.

Fritz Krueger and B. J. Bethurum for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

This action was instituted by appellee to recover on a fire insurance policy allegedly issued by appellant, and defended on the ground that the policy was not issued by appellant but by a person who did not become its agent until many months after the purported date of issue. On the return of the case to the Circuit Court following our opinion reported in 278 Ky. 245, 128 S. W. (2d) 547, in which we reversed the judgment in appellee's favor and held that the Court should have peremptorily instructed the jury to find a verdict for the appellant, the appellee filed an amended reply in which he alleged that on or about May 27, 1937, the appellant through its general agent in the State learned that the policy of insurance sued on had been issued to appellee but that neither he nor U. K. Martin, the local agent who had issued the policy, indicated to appellee that it was not in full force and effect, and "* * * that on said 27th day of May, 1937 U. K. Martin, acting as agent of the defendant and with its express authority and consent, called at plaintiff's place of business in Mt. Vernon, Rockcastle County, Kentucky and requested plaintiff's agent and servant to deliver to Martin said policy for the purpose of making some indorsements thereon; that said policy was at that time delivered to U. K. Martin for the purpose of indorsement only; and that the defendant never at any time until after the destruction of the building aforesaid, notify or inform the plaintiff that said policy was not in full force and effect or that said U. K. Martin was without authority to enter into said contract of insurance in accordance with the terms of the policy sued on." And that appellee, relying on the policy being in full force and effect, did not attempt to procure insurance which he would otherwise have procured.

By a second amended reply appellee alleged that on or about May 27, 1937, appellant's local agent, U. K. Martin "* * * procured said policy from this plain-

tiff under the pretense of entering some indorsement thereon and that said policy was never returned to this plaintiff. * * * that he did not know that said policy was taken up under the direction of said defendant through its State agent, Mr. R. J. Martin, as this plaintiff now knows to be true, until after plaintiff had closed its case in chief upon the former trial of this action in this court on April 22, 1938.''

And that ''* * * plaintiff could not by exercise of ordinary diligence and prudence have learned said facts as set out in this and in his first amended reply and that this plaintiff was totally unaware of same until the defendant's State Agent, Mr. R. J. Martin, so testified on a former trial of this action.''

Thereafter, an order was entered reciting that appellant had moved to strike the amended replies and that its motion had been overruled; that appellant had demurred to the amended replies and that the demurrer had been taken under submission; and that ''By agreement of the parties, it is ordered that this cause shall be and the same is now transferred to the equity side of this Court's docket for further trial; and the record of the first trial of this action, including pleadings, evidence, and all exhibits, are, by agreement of parties, adopted and made a part of the record upon the present submission of this case and for all, further adjudication herein; and it is further agreed that neither side shall plead further and that final judgment may be entered.''

. In seeking a reversal of the judgment thus rendered, appellant's counsel contend that the appellee, by his amended replies, attempted to state a cause of action predicated upon the breach of a contract created by estoppel; that thus construed, the replies constituted a departure forbidden by Section 101, Civil Code of Practice; and that the Court was without power to render a judgment on a cause of action asserted in a reply and not by petition. Appellee's present counsel contend that the matters pleaded in the replies constituted an estoppel against the defenses pleaded by appellant, and since the allegations of the replies were not controverted, the Court properly rendered judgment for the appellee under the prayer of the original petition. Since it is well settled in this jurisdiction that a judgment may not be rendered upon a cause of action asserted by reply (McCormack v. Clouse et al., 266 Ky. 450, 98 S. W. (2d)

892), and since Section 98, Civil Code of Practice, provides that a reply may contain a statement of facts which constitute an estoppel against, or avoidance of a defense stated in an answer, we would be inclined to treat the judgment as a judgment properly rendered under the prayer of the petition if the facts pleaded in the amended replies actually worked an estoppel, and if we were not precluded from considering them by the prior proceedings and judgment and the disposition thereof by this Court on the previous appeal. That we are so precluded is manifest when, stripped of formalities, the present contentions of the appellee are considered and the original pleadings are examined.

Briefly stated, appellee's contentions are that, although this Court held on the facts disclosed at the previous trial that the policy was issued, not by the Company but by U. K. Martin for a personal consideration passing to him, and hence was not an act of the appellant, the subsequent act of U. K. Martin, committed pursuant to instructions from appellant's state agent, in procuring the policy from appellee under the pretense of making indorsements thereon, thus lulling appellee into a sense of security and causing him to omit procuring other insurance, constituted a ratification of U. K. Martin's act in issuing the policy and an estoppel against, or avoidance of, appellant's defense that the contract was originally issued without authority and without consideration.

The fourth numerical paragraph of appellee's original petition reads:

"That on or about the ——— day of May, 1937, the said agent, U. K. Martin, for said defendant, called on this plaintiff and requested that said policy be delivered to said agent, so that some indorsement could be made thereon by said defendant, and said policy would then be returned to plaintiff, and the said plaintiff then and there delivered said policy to said agent for said purpose only, and thereafter said agent failed, neglected and refused to return said policy to this plaintiff, and by reason thereof, plaintiff is unable to file said policy with his petition herein."

In traversing these allegations, the appellant, in its original answer, alleged:

"Defendant denies that on or about the ——— day

of May, 1937, the said U. K. Martin, *as agent for said defendant,* called on plaintiff and requested that said policy be delivered to him so that some indorsement could be made thereon by defendant, and that said policy would then be returned to plaintiff, or that plaintiff then and there delivered said policy to said agent for said purpose; but defendant states that on said occasion the said Martin, *as agent for defendant,* procured said policy from plaintiff *upon the agreement and with the knowledge and understanding of plaintiff that the said policy was surrendered as of no effect,* and states that said transaction occurred on or about May 27th, 1937, and prior to the occurrence of the loss referred to in the petition herein on June 5th, 1937." (Italics ours.)

And in his original reply, the appellee, in the following language, denied the affirmative allegations above quoted:

"Denies that on said or any occasion the said Martin, as agent for defendant procured said or any policy from plaintiff upon the or any agreement or with the knowledge or understanding of plaintiff, that the said or any policy was surrendered as of no effect or at all, or that said or any transaction occurred on or about May 27th, 1937, or on any other day or date or at all, or prior to the occurrence of the loss referred to in the or any petition herein or at all on June 5th, 1937, or at all."

If true, it is wholly immaterial that appellee did not know that U. K. Martin, in procuring the policy from him on May 27, 1937, was acting under the direction of the state agent, since, in its original answer, the appellants expressly alleged that the policy was procured from appellee on the occasion referred to by U. K. Martin "as agent for defendant." Furthermore, the said agent was present and testified at the original trial, and no reason is disclosed why appellee, if he had deemed it necessary, could not then have tendered an amendment. But it was not necessary in view of the express allegations of the original pleadings which squarely raised the issues now sought to be raised by the amended replies. It is true that appellee did not expressly allege in his original pleadings that he would have procured other insurance, if he had been notified that the policy was not in effect, but the addition of this

allegation adds nothing to appellee's case, since, presumably, any rational person would have procured other insurance when notified by an insurance company, that the policy purporting to have been issued by that company was of no effect. Thus, it is apparent that the issues which appellee sought to raise by the amended replies were, in effect, raised by the original pleadings and determined against him under the familiar Law of the Case Rule when we reversed the judgment in his favor.

The Chancellor should have sustained the appellant's demurrer to the amended replies, and, upon the failure of appellee to introduce evidence other than that given at the previous trial, should have rendered judgment for the appellant.

Judgment reversed with directions to dismiss the petition.